Nov. Term,
1838.

FOLEY
v.
COWGILL.

## FOLEY *v.* COWGILL.

A deed may be delivered to a stranger to take effect on a condition to be subsequently performed; but if it be delivered to the obligee on such contingency, the condition is a nullity and the delivery absolute.

Misrepresentations by one contracting party to the other as to the value or quantity of a commodity in market, when correct information on the subject is equally within the power of both parties with equal diligence, do not, in contemplation of law, constitute fraud.

The terms of an agreement under seal cannot be varied by parol evidence.

If a plea profess to answer the whole declaration consisting of two or more counts, and be only an answer to one count, it is bad on demurrer.

*Tuesday,*
*November 20.*

ERROR to the *Putnam* Circuit Court.

DEWEY, J.—This was an action of covenant. The declaration contains two counts. The first alleges that the defendant covenanted to deliver to the plaintiff from eight to fifteen hundred fat hogs, at a certain time and place; for which the plaintiff agreed to pay, on delivery, at specified prices according to their weight; that the plaintiff was ready at the time and place to receive and pay for them, but that the defendant did not deliver, or offer to deliver them at the time and place designated, or at any other time or place, and that he had notified the plaintiff some time before that he would not deliver them, but would break his contract. The second count is in substance the same as the first, setting out the contract *verbatim*, and omitting the averment of the previous notice given by the defendant, that he would not perform his covenant.

The defendant pleaded several pleas.

Nov. Term,
1838.

FOLEY
v.
COWGILL.

His second plea alleges, that the deed of covenant in the declaration mentioned was delivered to the plaintiff as an escrow, setting out the contingency on which it was to become binding on the defendant, which, it is averred, had never happened, and concluding that therefore the covenant was not his deed.

The substance of the third plea is as follows, that at the time of making the covenant, the plaintiff was a large dealer in pork, well acquainted with its value, and with full knowledge that its price was then increasing in the various markets of the *United States;* that he also knew the defendant was, from his age, a man of retired habits, and ignorant of the value of pork and of the probable rise in the price of that commodity; that the plaintiff, after professing great friendship for the defendant, solicitude for his welfare, and confidence in his integrity, expressed a wish to unite with him in the purchase of a large number of hogs; that to induce the defendant to enter into the speculation, and make the contract declared on, the plaintiff repeatedly assured the defendant that hogs were abundant, and could be purchased readily for two dollars, or two dollars and fifty cents, per 100 weight, and that if the defendant could not purchase them at those rates he would give up the contract to him at any time; that the defendant confiding in these professions and representations, and relying upon the promise of the plaintiff to give up the contract, executed the same; the plea then alleges that hogs were very scarce, and of much greater value than two dollars and fifty cents per 100 weight, to wit, of the value of six dollars, and that they soon afterwards became still more valuable, so that it was with difficulty they could be had at any price; that this state of things continued until after the period when the contract was to have been performed; that the plaintiff knew the above representations by him made to be false, and that the defendant believed them to be true.

The fifth plea is the same in substance as the third.

The plaintiff demurred to these three pleas. The demurrer to the first was sustained, and those to the other two were overruled. Final judgment for the defendant.

The plea alleging the delivery of the covenant to the plain-

tiff himself as an escrow is bad, and the demurrer to it was properly sustained. A deed may be delivered to a stranger to take effect upon a condition to be subsequently performed; but if it be delivered to the obligee upon such contingency the condition is a nullity, and the delivery absolute. Hob. 246.—9 Coke, 136, *Thoroughgood's Case.*—Co. Litt. 36 *a.*—2 Thom. Co. 190, and *n.* 15.—Cro. Eliz. 520. Ib. 884.—2 Stark. Ev. 271.—Sheph. Touch. 59.—8 Mass. 230, *Fairbanks* v. *Metcalf.*

The only parts of the third and fifth pleas entitled to notice, are the allegations that the plaintiff made false representations as to the value and quantity of hogs in market, and that he promised to deliver up the covenant provided the defendant could not purchase them at certain prices. However justly the moralist may censure the address sometimes resorted to by men of keen business-habits to effect advantageous contracts, misrepresentations as to the value or quantity of a commodity in market, when correct information on those subjects is equally within the power of both contracting parties with equal diligence, do not in contemplation of law constitute fraud. Chitt. on Cont., 113, 223. Indeed, the extent of supply and demand relative to an article of commerce, upon which its value principally depends, is in a great measure a matter of opinion, upon which different minds may form different conclusions; to deprive the better info more enterprising, and more cautious party of the beof his contract, on account of representations, of the correctness of which the other party ought to judge for himself, would tend more to encourage ignorance, sloth, and recklessness, than to repress dishonesty.

The averment as to the conditional promise of the plaintiff to give up the contract, is an attempt to vary the terms of the covenant by parol matter, and clearly inadmissible (1).

The third plea is also objectionable in professing to answer the whole declaration, when in fact it embraces only the second count.

We think the Circuit Court erred in overruling the demurrer to the third and fifth pleas.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. L. Ketcham* and *C. P. Hester*, for the plaintiff.

*T. A. Howard, A. Kinney,* and *M. Hulett,* for the defendant.

Nov. Term, 1838.

(1) By the general rules of the common law, if there be a contract which has been reduced into writing, verbal evidence is not allowed to be given of what passed between the parties, either before the written instrument was made, or during the time that it was in a state of preparation, so as to add to or subtract from, or in any manner to vary or qualify the written contract. *Goss* v. *Nugent,* 5 Barn. & Adol. 58. *Per Denman,* C. J.