SMITH, Administratrix, *v.* SMITH.

A *scire facias* by an administrator to have execution against replevin-bail entered on a judgment in favour of the intestate, need not allege that the judgment had been revived.

ERROR to the *Warren* Circuit Court.

PERKINS, J.—*Scire facias* before a justice of the peace by *Nancy Smith*, administratrix of the estate of *John Smith*, deceased, against *Isaac W. Smith* as replevin-bail. Judg-

ment before the justice for the plaintiff, and appeal by the defendant to the Circuit Court. The cause was there dismissed on the defendant's motion, because the *scire facias* did not show that the judgment against the principal had been revived in the name of the administratrix, the plaintiff in the *scire facias*.

Whether it should have shown such revivor is the only question submitted.

A suit against replevin-bail is an original action. It could be instituted under the law governing this case, so soon as the liability of the bail for the debt of the principal became absolute. That happened on the return of "no property found" to an execution against the goods of the principal. But although a suit could not be sustained against the bail till after such issue and return of execution, it has been held by this Court not necessary that the *scire facias* in the case should show those acts to have been done. *Brison* v. *Street*, 5 Blackf. 359. There could have been no necessity for reviving the original judgment by the plaintiff in this case, except to procure their performance; and as it is unnecessary that that should be averred in the *scire facias*, *a fortiori*, it cannot be necessary that a revivor should be. Should it appear upon the trial that there had been a return, in the lifetime of the judgment plaintiff, of "no property found" to an execution, that fact would render it unnecessary for the present plaintiff to prove a revivor of the judgment in order to sustain her action.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*G. B. Joiner*, for the plaintiff.

*H. S. Lane* and *S. C. Willson*, for the defendant.