## BARTON and Another *v.* SIMMONS.[*]

A person sold land, and agreed to receive in payment certain railroad stock, at a rate which the vendee represented it to be worth in the market. The vendor gave the vendee ten days to procure the necessary amount of stock, and having received the stock within that time, he delivered a deed. Nineteen months afterwards, having ascertained the stock to be worth less than the vendee represented to be its value, the vendor brought suit to rescind the contract, &c. *Held*, that he was too late, even if he could, at any time, have made a case for rescission.

APPEAL from the *Madison* Circuit Court.

*Monday, November 28.*

HANNA, J.—*Simmons* avers in his complaint that in *December*, 1854, he was the owner of certain described lots and land in *Madison* county, of the value of 3,000 dollars;

---

[*] A petition for a rehearing of this case was filed on the 18th of *January*, and overruled on the 3d of *May*, 1860.

VOL. XIV.—4

that one of said defendants, *William Barton*, then offered him 5,000 dollars for said lands, &c., payable in the capital stock of the *Cincinnati and Chicago Railroad*, representing the same to be of the value of fifty cents on the dollar; that said plaintiff was wholly ignorant of the value of said stock, and so informed said *William*, but relying upon the honesty and candor of said *William*, and the representations so made, said plaintiff offered to take 6,000 dollars in said stock for said lands, &c.; that a contract was then made by which plaintiff executed a deed for said lands, &c., and placed it in the hands of a friend to be delivered to said *William*, if, in ten days, he should procure and deliver said amount of stock; that before the expiration of said time, he did deliver said stock and receive said deed; that said *William* was a merchant, and often at *Cincinnati*, and, therefore, had a good opportunity of knowing the value of said stock; that plaintiff lived in an obscure part of said county, and did not know the value of said stock; that said stock was then of the value only of five to seven cents on the dollar, which was known to the said *William*, but he fraudulently represented otherwise; that it continued of that low value until *July*, 1856, at which time plaintiff, for the first time, made inquiry as to and ascertained its real value, having theretofore confidently rested upon the representations of the said *William* as true, and having been engrossed in his business of farming; that immediately, upon so learning the true value of said stock, he tendered the same to said *William*, and demanded a reconveyance of said real estate, which was refused; that said *William* thereupon fraudulently conveyed said lands to his co-defendant, his father, who had full notice, and received the same without paying any consideration therefor," &c.

There was a demurrer to the complaint, because it did not state facts sufficient, &c.

The demurrer was overruled, which ruling presents the first point for our consideration.

The demurrer should have been sustained. No sufficient excuse is shown for the delay in making the appli-

cation to rescind, if any good reason ever existed for a rescission of the contract. It is not clear that the representations charged to have been made by the defendant, relative to the value of the stock, were such as the plaintiff had a right to rely upon; even if the contract had been consummated without delay; but where a delay of ten days intervened between the time the parties agreed upon terms, and the completion of that agreement, we are not able to perceive that the ends of justice would be subserved by holding that one party might fold his arms and declare that he would rest upon the representations made by the other, in reference to a matter equally open and within the reach of the reasonably diligent inquiry of each. *Cronk* v. *Cole*, 10 Ind. R. 485.

But passing by that point, we are clear that the circumstances are such that the plaintiff ought to have informed himself in less than nineteen months after the contract, and taken immediate steps, based upon such information, to get rid of the contract. If he saw proper to negligently fail to investigate matters thus affecting his rights and interest, the law does not protect him in such negligence, but is for the diligent. Whether stocks are such marketable commodities as to bring a contract, in reference thereto, within the principle laid down in 10 Ind. R. *supra*, is a point we need not decide; for it is clear that with the exercise of reasonable diligence, a delay of nineteen months ought not to have intervened before the value could have been discovered. The defendant did not occupy any relation towards the plaintiff, or the road, that would justify the plaintiff in reposing peculiar or extraordinary confidence in his representations. *Hugh* v. *Richardson*, 3 Story, 639.—*Foley* v. *Cowgill*, 5 Blackf. 18.—31 Maine R. 143.— *Gatling* v. *Newell*, 9 Ind. R. 572, 581.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. Grose* and *W. Z. Stuart*, for the appellants.

*D. Kilgore* and *J. Davis*, for the appellee.