May Term,
1860.

BOWMAN
v.
MALLORY.

Friday,
June 8.

---

### BOWMAN *v.* MALLORY.

Friday,
June 8.

APPEAL from the *Union* Court of Common Pleas.

PERKINS, J.—Suit upon a recognizance of replevin bail. A transcript of the judgment of the justice, which had been replevied, together with the proceedings prior to, and after the judgment, was filed with the complaint.

It appears that the bail was entered *November* 9, 1838. Subsequent to the entry of bail appear upon the transcript these entries:

"Execution, the 30th of *April*, 1839.—*J. Yount*, J. P.

"*May* the 20th. Execution returned not satisfied for want of buyers.—*John McWilliams*, constable."

A demurrer was sustained to the complaint, and final judgment rendered for the defendant, because—

1. The suit should have been by *scire facias*.

The remedy by complaint is substituted by the code; and, as it relates to the remedy alone, it may be pursued. *Wilson* v. *Clark*, 11 Ind. R. 385.

2. The entries above copied from the transcript show, *prima facie*, a satisfaction of the judgment, by levy, &c.

We think not. They are no evidence of the character of the execution issued; *Stinson* v. *The State*, 2 Ind. R. 434; and they do not purport that a levy had been made upon property.

3. The statutes of limitations bar.

Were this true, the statutes should have been pleaded. Perk. Pr. 226. In a suit against replevin bail, it may be remarked, it was held, under the old practice, not necessary to show that execution had issued against the principal; nor that judgment against him or his administrator had been revived. *Smith* v. *Smith*, 8 Blackf. 59. See *Stackwell* v. *Walker*, 3 Ind. R. 215.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. F. Gardner*, for the appellant.