*L. Chamberlain*, for appellant.

*D. D. Pratt* and *D. P. Baldwin*, for appellee.

---

## MATLOCK *v.* TODD.

EQUITY CASES—CODE.—While the code has abolished the distinction between actions at law and suits in equity, and the forms of pleading, it has not changed the rules of law as to the rights of parties.

STATUTE of LIMITATIONS.—It is well settled, at least in equity, that in cases of fraud the statute of limitations does not begin to run until the fraud has been discovered.

SAME—RESCISSION.—In an action by the vendee to rescind a conveyance of land, on the ground of fraudulent representations as to the location of the land, it was averred that the fraud was not discovered "until long after the purchase." The suit was commenced six years and twenty-three days after the date of the deed.

*Held*, that the averment, though indefinite as to the time of the discovery of the fraud, was sufficient to show that the actual location of the land was not discovered more than six years prior to the commencement of the suit.

SAME.—An application for the rescission of a contract must be made within a reasonable time. It is not a question of the statute of limitations, but of diligence on the part of the party who seeks the aid of the court to enforce the rescission.

Matlock *v.* Todd.

QUÆRE.—Whether, in an action at law for fraud, the statute of limitations begins to run until the discovery of the fraud.

SAME—PRACTICE.—In suits at law, to make the statute of limitations available it must be pleaded. The question cannot be raised by demurrer.

APPEAL from the *Hendricks* Circuit Court.

ELLIOTT, J.—Suit by the appellant against *Todd*, the appellee, to rescind a contract, or to recover damages for an alleged fraud of the defendant in the sale of a tract of land in *Iowa*, represented by the defendant to be situated contiguous to the town of *Indianola*.

The complaint contains two paragraphs, each averring substantially the same facts, except that the *first* avers the tender of a deed reconveying the land to the defendant before suit brought, and prays for a rescission of the contract, while the *second* demands a judgment for the damages sustained by reason of the alleged fraud. Separate demurrers were filed and sustained to each of the paragraphs, and there was final judgment for the defendant.

The only question presented is, did either of the paragraphs state sufficient facts to entitle the plaintiff to the relief demanded?

The material facts stated in the complaint are as follows:

On the 24th day of *January*, 1859, the plaintiff purchased of the defendant a tract of land in *Warren* county, and State of *Iowa*, (which is described,) for the sum of $2,000, which was then fully paid, and the defendant at the same time executed to the plaintiff a deed of conveyance for the land. At the time of the purchase, the plaintiff had no personal knowledge of the geographical location of the land, but relied solely on the statement of the defendant with reference to said location. The defendant falsely and fraudulently stated to the plaintiff that the land was situated on the north side, and immediately adjoining the town of *Indianola*, in said county of *Warren*. It is then averred that said land is not so situated, but is north-west of said town, and not adjoining the

same as represented by the defendant; and is only of the value of $600; whereas if it had been situated as represented by the defendant, it would have been fully worth said sum of $2,000. That the plaintiff "did not discover the exact location of the land until long after said purchase. Nor did he discover that by reason of the location being different from that represented by the defendant, said land was of so much less value until within a short period prior to the bringing of this suit." The *first* paragraph then avers that, "thereupon he immediately notified the defendant, and demanded a rescission of said contract, and tendered to him a deed reconveying said land, and demanded a return of his purchase money, with interest, which the defendant wrongfully refused to do or pay." The deed was brought into court for the defendant.

It is insisted by the appellee that the action is barred by the statute of limitations, and that the demurrers were therefore correctly sustained.

The sale was made and concluded on the 24th of *January*, 1859, and this suit was commenced on the 17th of *February*, 1865, more than six years after the date of the sale.

We will first examine the question as to the right of the plaintiff to a rescission of the contract, under the *first* paragraph of the complaint.

This paragraph is addressed to the chancery powers of the court, and though the code has abolished the distinction between actions at law and suits in equity, and the forms of pleading, it has not changed the rules of law as to the rights of parties. *Woodford* v. *Leavenworth, Adm'r,* 14 Ind. 311; *Emmons* v. *Kiger,* 23 Ind. 483. And it is well settled, at least in equity, that in cases of fraud the statute of limitations does not commence to run until the fraud is discovered. *Raymond et al.* v. *Simonson, Adm'r,* 4 Blackf. 77; *Gatling* v. *Newell,* 9 Ind. 572; 2 Parsons on Con. 379; *Sears* v. *Shafer,* 2 Seld. 268; *Mayne* v. *Griswold,* 3 Sandf. 463. Here the alleged fraud consists in a false representation as to the location of the land, and it is averred in the

complaint that the plaintiff did not discover the exact location of the land until long after the purchase. This averment is indefinite as to the time of the discovery, but in view of the fact that the suit was commenced within six years and twenty-three days after the alleged representations were made, a period of only twenty-three days after the limitation would have expired, if the statute had commenced running at the date of the sale of the land, we think the allegation sufficient to show that the actual location of the land was not discovered or ascertained by the plaintiff more than six years prior to the commencement of the suit. But there is another principle and well settled rule of practice applicable to such cases, that should not be overlooked. Applications for the rescission of contracts are addressed to the sound discretion of a court of chancery, but this discretion must be exercised in conformity with established principles. "A contract will not, in general, be rescinded unless the contracting parties can be restored to the same situation occupied by them respectively when the contract was entered into, nor unless the application for a rescission be made within a reasonable time." *Cain* v. *Guthrie*, 8 Blackf. 409; *Johnson* v. *McLane*, 7 Blackf. 501; *Gatling* v. *Newell et al.*, 9 Ind. 572; *Barton et al.* v. *Simmons*, 14 Ind. 49. It is not a question of the statute of limitations, but one of diligence on the part of the party who seeks the aid of the court to enforce the rescission of a contract on the ground of fraud. In such a case the court looks at the circumstances surrounding it to ascertain if the party has been reasonably diligent in ascertaining the facts, and has been prompt in seeking his remedy in a reasonable time after the facts which constitute the fraud are discovered, and grants the relief to the vigilant and denies it to the negligent. In the case of *Barton et al.* v. *Simmons*, *supra*, the court said: "We are clear that the circumstances are such that the plaintiff ought to have informed himself in less than nineteen months after the contract, and taken immediate steps, based upon such information, to get rid of

the contract. If he saw proper to negligently fail to investigate matters thus affecting his rights and interest, the law does not protect him in such negligence, but is for the diligent." In the case at bar, the alleged fraud consists in falsely representing that the land purchased of the defendant adjoined the town of *Indianola* on the north, when in fact it did not adjoin the town and was situated northwest thereof. It was at all times readily within the power of the plaintiff to ascertain the truth or falsity of the representation. It does not involve any question of concealment. The complaint contains no averment of any means used by the defendant to throw the plaintiff off his guard, or to prevent him from investigating and ascertaining the facts. It was not a matter peculiarly within the knowledge of the vendor and unknown to others, in which silence would secrete the truth. It was, on the contrary, a matter open to all, and easy of ascertainment by any one having sufficient interest in it to induce the inquiry. And, under the circumstances, we think there is no excuse or apology for the plaintiff in delaying to ascertain the facts and to seek his remedy, for a period of more than six years. The paragraph does not show that the plaintiff is entitled to the relief prayed, and the demurrer to it was therefore correctly sustained.

The second paragraph only claims damages for the fraud, and is clearly sufficient to entitle the plaintiff to recover, unless the right of action is barred by the statute of limitations.

The *fourth* clause of sec. 210 of the statute, 2 G. & H. 158, provides that actions for relief against fraud shall be commenced within six years after the cause of action has accrued, and not afterward. But it is insisted by the plaintiff that the statute does not begin to run, in cases of fraud, until the fraud is discovered. We have seen that such is the rule in equity. *Raymond* v. *Simonson*, *supra*. In that case the rule is stated in these broad terms: "The statute, in good conscience, cannot run until the party has a

right to commence his suit, and that right cannot accrue in a case of fraud until the injured party is informed of the injury done or fraud committed." The argument applies with equal force to such cases in suits at law. In Parsons on Contracts, vol. 2, p. 397, it is said: "There is some uncertainty whether it is a good defense at law against the operation of the statute, when an action is grounded upon a fraud committed more than six years before, that it was not discovered until within six years. There is no exception against fraud in the *English* statute, nor is such an exception generally made in this country. And although in equity this would remove the bar of the statute, almost as a matter of course, there is some difficulty in giving effect to it at law. Nevertheless, the prevailing rule in this country prevents the six years from beginning to run, even at law, until the fraud is discovered by the plaintiff; but our notes will show that there is much diversity in the decisions on this subject."

But we do not decide the question, for the reason that it is not properly before us. It is raised on a demurrer to the complaint, and it has been held by this court, that in suits at law, to make the statute availing, it should be pleaded. *Bowman* v. *Mallory*, 14 Ind. 424.

The court therefore erred in sustaining the demurrer to the second paragraph of the complaint.

The judgment is reversed, with costs, and the cause remanded, with instructions to the Circuit Court to overrule the demurrer to the second paragraph of the complaint, and for further proceedings.

*J. T. Dye, A. C. Harris,* and *L. M. Campbell,* for appellant.
*C. C. Nave,* for appellee.