## JAGERS ET AL. v. JAGERS.

PLEADING.—*Written Instrument.*—In an action to set aside a deed and have it declared void, on the ground of fraud or undue influence in procuring its execution, or unsoundness of mind of the grantor, the deed is not the foundation of the suit, and need not be made a part of the complaint.

FRAUD.—*False Representations to Induce Execution of Deed.—Husband and Wife.*—Representations made by a second wife to her husband, who was of sound though feeble mind, that a certain person intended to bring a slander suit against him, and that his property would be swept away, that his children had turned against him, and were conspiring to deprive him of his property, and that she alone was true to him, and that his granddaughters were of bad character and not fit to be entrusted with his property, were not sufficient to set aside a deed made by the husband, by which his property was vested in said wife.

SAME.—Misrepresentations that will constitute fraud must be concerning a material fact, and not merely the expression of an opinion or a representation concerning matters equally within the knowledge of both parties.

From the Switzerland Circuit Court.

*C. E. Walker, H. W. Harrington, C. A. Korbly,* and *W. S. Roberts,* for appellants.

*J. A. Works* and *J. D. Works,* for appellee.

PETTIT, J.—This suit was brought by the appellee, Thomas Jagers, and Joseph Jagers, against the appellants, Hannah Jagers, William Hall, and Sarah Hall, his wife, and the following is the complaint in full:

" Thomas Jagers and Joseph Jagers complain of Hannah Jagers, William Hall, and Sarah Hall, and say that on the 10th day of February, 1870, Thomas Jagers, Sr., was the owner in fee simple, and had been for years, of the following described real estate in Switzerland county, in the State of Indiana, to wit:" (here is described the real property) ; " that he was also the owner of a great amount of personal property, horses, wagons, and farming implements, and other property; that on the 10th day of February, 1870, he and the defendant Hannah Jagers conveyed the above described real estate and all the personal property they or either of them owned to the defendant William Hall, by deed, a copy of which is filed

herewith, marked ' Exhibit B,' and made a part of the complaint; that at the time of making said conveyance, the said Thomas was seventy years of age, greatly debilitated and enfeebled in body and mind, to such an extent that he was easily influenced by the said Hannah Jagers; and plaintiffs allege that said deed was procured to be made by the fraud, misrepresentation, and undue influence of the said Hannah Jagers; that the said Hannah Jagers falsely and fraudulently represented to the deceased, that one Charles H. Thiebaud intended bringing suit against him for slander, and that all of said property would be swept away, and pass into the hands of strangers; and further represented to said deceased, that his children had all turned against him, and were conspiring against him to deprive him of his property, and that she alone was true to him, and that the daughters of the plaintiff, Thomas Jagers, Jr., were of bad character, and not fit persons to be entrusted with his property; and plaintiffs allege, that said Hannah Jagers made said representations, knowing them to be wholly without foundation and false; and that she made them for the sole purpose of inducing the said Thomas Jagers, Sr., to make said conveyance; and that the said deceased believed that the said representations so made by her were true; and that he was thereby induced to make said conveyance; and that he would not have made the same, had not such representations been made; that said deed was wholly without consideration, and that the consideration named in said deed was never paid either in whole or in part, but that said conveyance was procured to be made by the said defendant Hannah Jagers, wrongfully and fraudulently and to the injury of the plaintiffs herein, by the false and fraudulent representations aforesaid, for the purpose of having said land and personal property conveyed back to herself. And plaintiffs further allege, that on the 14th day of February, 1870, the defendants William Hall and Sarah Hall, his wife, conveyed said land and personal property to the defendant Hannah Jagers by deed, a copy of which is filed herewith and made a part of this complaint, marked ' Exhibit C;' that said deed

was wholly without consideration; that the consideration therein named was never paid, either in whole or in part, but was made to said defendant for the purpose of carrying out the fraudulent and wrongful purpose of possessing herself of said property, and for no other or different consideration.

"Plaintiffs further allege, that said Thomas Jagers, Sr., departed this life on the —— day of ——, leaving as his heirs at law the plaintiffs, Thomas Jagers and Joseph Jagers, and the defendant Hannah Jagers; that the said Thomas and Joseph are entitled to one-half of said property each, subject to the interest of the said Hannah Jagers, which is a life interest in the one-third thereof; wherefore they ask that said deeds of conveyance be set aside, and that said real estate be partitioned, and for all other proper relief.

"Par. 2. For second paragraph, plaintiffs say that on the 10th day of February, 1870, Thomas Jagers, Sr., was the owner of the real estate and personal property described in the first paragraph of this complaint, and that on said day he conveyed the same to the defendant William Hall by deed, a copy of which is filed herewith and made a part of this paragraph, marked 'Exhibit B;' and plaintiffs say that at the time of making said deed, the said Thomas Jagers, Sr., was of unsound mind and wholly incapable of making a valid contract. And they say further, that on the 14th day of February, 1870, the defendants William Hall and Sarah Hall, his wife, conveyed said real estate and personal property to the defendant Hannah Jagers; and they further allege, that the said Thomas Jagers, Sr., died on the —— day of ——, and that he left as his heirs at law the defendant Hannah Jagers, who is entitled to a life interest in the one-third of said real estate, and the plaintiffs, Thomas Jagers and Joseph Jagers, who are each entitled to the one-half thereof, subject to said life interest; wherefore they ask that said deeds be set aside and declared void, and that said real estate be partitioned, and for all proper relief."

A separate demurrer, for want of sufficient facts, to each

paragraph of the complaint was overruled, exception taken, and this ruling is assigned for error.

The deeds, which are filed with and said to be made a part of the complaint, were not legally a part of the complaint, because they were not the foundation of the action. The foundation of the action was the alleged fraud, misrepresentation, and undue influence of Hannah Jagers, in procuring the execution of the deed from Thomas Jagers, Sr., to Hall, and the unsoundness of mind of the grantor at the time of making the deed by Thomas Jagers, Sr.

On the trial of the cause, the jury expressly found, that at the time of the execution of the deed to Hall, Thomas Jagers, Sr., was of sound mind. This effectually disposes of the second paragraph of the complaint, which only charges unsoundness of mind at the time of executing the deed, and brings us to the consideration of the sufficiency of the first paragraph of the complaint. The material allegations of it are these:

"That at the time of making said conveyance, the said Thomas Jagers was seventy years of age, greatly debilitated and enfeebled in body and mind, to such an extent that he was easily influenced by the said Hannah Jagers. And plaintiffs allege that the said deed was procured to be made by the fraud, misrepresentation, and undue influence of the said Hannah Jagers; that the said Hannah Jagers falsely and fraudulently represented to the deceased that one Charles H. Thiebaud intended bringing suit against him for slander, and that all of said property would be swept away and pass into the hands of strangers; and further represented to said deceased, that his children had turned against him and were conspiring against him to deprive him of his property, and that she alone was true to him; and that the daughters of the plaintiff, Thomas Jagers, Jr., were of bad character, and not fit persons to be entrusted with his property."

As we have held above that the deeds filed with the complaint formed no part of it, as the action was not based upon them, there is no allegation in the complaint that she held any relation whatever to him. It does not show that she was a first

or second wife, mother, sister, daughter, or servant, or had or held any close or confidential relation to him that would be likely to give her an influence over him. Nor does the allegation that she was entitled to a life estate in one-third of the lands show any such relation or confidential position; for she might have had this interest in the lands by other means or ways than being a second wife, without a child by him. But if we concede that she was his second wife and had no child by him, do the facts charged show such fraud, misrepresentation, or undue influence as would enable him to set aside the deed? If he could not do it in his lifetime, his heirs cannot after his death, for they can have no more rights than he had to, and did leave them at his death.

He was of sound though feeble mind. Feebleness of mind has never been held sufficient to set aside a deed, where the grantor was of sound mind, though some of the authorities hold that it may be taken into consideration, in connection with other circumstances, for that purpose; but no other circumstances are stated in the complaint.

Some of the authorities, while they admit that undue influence is generally fraud, hold that there may be undue influence without fraud, as in the case of great fondness, friendship, flattery, and persuasion. If these pretences, however, are false, they constitute fraud.

In this case, there is no such pretence or allegation. All the charges of fraud, misrepresentation, and undue influence in the complaint must be held as intending to charge fraud. Were they such representations as a man of sound though feeble mind had a right to rely on? and could he set aside his deed for or on account of them? We think not. She told him that Thiebaud intended to bring a slander suit against him, and that his property would be swept away; that his children had turned against him, and were conspiring against him to deprive him of his property, and that she alone was true to him; that his granddaughters (children of one of the plaintiffs) were of bad character, and not fit persons to be entrusted with his property. These are all the acts that she

is charged with doing, and we think they are not enough to set aside a deed made by a man of sound though weak mind. Misrepresentation must be concerning a material fact, and not merely the expression of a matter of opinion or representation concerning matters equally within the knowledge of both parties. *Foley* v. *Cowgill*, 5 Blackf. 18 ; *Barton* v. *Simmons*, 14 Ind. 49 ; *Cronk* v. *Cole*, 10 Ind. 485; Kerr Fraud & Mistake, 77, note 1. There is nothing to show that he could not or did not know the truth or falsity of these matters as well as she. Bouv. Law Dict., vol. 1, 613, says:

"While, on the one hand, the courts have aimed to repress the practice of fraud, on the other, they have required that before relieving a party from a contract on the ground of fraud, it should be made to appear that on entering into such contract he exercised a due degree of caution. *Vigilantibus, non dormientibus, succurrunt leges.* A misrepresentation as to a fact, the truth or falsehood of which the other party has an opportunity of ascertaining, or the concealment of a matter which a person of ordinary sense, vigilance, or skill might discover, does not in law constitute fraud. Misrepresentation as to the legal effect of an agreement does not avoid it as against a party whom such misrepresentation has induced to enter into it—every man being presumed to know the legal effect of an instrument which he signs or of an act which he performs."

The case was dismissed as to Joseph Jagers, and was prosecuted by Thomas Jagers, and is, therefore, properly here in his name only.

The first paragraph of the complaint was insufficient, and the demurrer should have been sustained to it.

The judgment is reversed, at the costs of the appellee, with instructions to sustain the demurrer to the first paragraph of the complaint, and for further proceedings.