## BURNS v. BARNES ET UX.

PROMISSORY NOTE.—*Payable in Bank.*—*Defence.*—*Fraud.*—*Patent-Right.*—
*Pleading.*—In an action by an assignee, against the maker, on a promissory note payable in bank, the defendant answered, alleging fraud and collusion by the payee and assignee, in procuring the execution of the note, and averring that the consideration therefor was a "pretended assignment" by the payee, to the maker, of a certain patent on an article of "no utility whatever."

*Held,* on demurrer, that the answer is insufficient.

*Held,* also, that the answer should have contained an offer by the defendant to return the consideration and all profits received therefrom, or that the consideration was of no value and had yielded no profits.

*Held,* also, that the averment that the article patented was of "no utility" is not equivalent to an averment that it had "no value."

From the Decatur Circuit Court.

*C. Ewing* and *J. K. Ewing,* for appellant.

*J. S. Scobey,* for appellees.

BIDDLE, C. J.—Complaint on a note and mortgage. The note was made by the appellees, payable to the order of William M. Hepler, at the First National Bank of Greensburgh, Indiana, and endorsed to the appellant.

Answer, that the note was obtained by the payee by fraud, in combination with the endorsee, who received the note with a full knowledge of the facts.

Demurrer to the answer; overruled; exceptions; trial by jury; verdict for appellees.

Motion for a new trial; overruled; exceptions; judgment; appeal.

The question as to the sufficiency of the answer is presented by the record, assigned as error and discussed in the brief of counsel for appellant.

Burns *v.* Barnes *et ux.*

It is not necessary to state the answer at length. It avers, that the note was given in consideration of a pretended assignment by the payee, to Turner Barnes, of an undivided half interest in a patent called a Hot Air Furnace, for Jefferson county, and State of Kentucky. Admitting that the facts constituting the alleged fraud are sufficiently averred— a matter of which we have some doubt, however—the answer contains no offer to return the " pretended assignment," no averment that the patent is without value, nor any allegation that Turner Barnes never received any benefits under the assignment—in short, no offer to rescind the contract.

If the patent had any value, or the maker of the note had made any profits out of it, there should have been an offer in the answer to restore them to the payee; or, if the patent had no value, it should have been so expressly alleged.

There is an averment, " that said patent was of no *utility* whatever," but we can not hold this to be equivalent to an averment that it had no value. There are many things that have no utility, which have a marketable value, and out of which profits may be made. The plain meaning of utility is usefulness, or having the quality of being useful; the mercantile meaning of value is price, cost, or rate; and, in the commerce of the world, there are many things of value which have no usefulness whatever. And it would be better in such an answer to aver, that the patent was the sole consideration of the note—an averment which we do not find in the answer before us. *Rose* v. *Hurley,* 39 Ind. 77; *Parks* v. *The Evansville, etc., R. R. Co.,* 23 Ind. 567.

As to what constitutes fraudulent representations, see *Jagers* v. *Jagers,* 49 Ind. 428; *Gregory* v. *Schoenell,* 55 Ind. 101.

The judgment must be reversed, and the cause remanded with instructions to sustain the demurrer to the answer, and for further proceedings.