# NEWMAN *v.* BAKER.

CONTRACTS; DELIVERY IN ESCROW; COVENANT, ACTION OF; DE-
LIVERY AND ACCEPTANCE; EVIDENCE; TIME OF PERFORM-
ANCE; DEPENDENT COVENANTS; TENDER; WAIVER.

1. A deed or any other sealed instrument cannot be delivered to the
grantee or obligee himself in escrow to take effect upon a con-
dition not appearing upon the face of the deed or instrument.
The delivery must be to a stranger; otherwise it becomes ab-
solute at law.

2. The delivery and acceptance of a sealed instrument, although it
be an executory agreement, gives it immediate effect in law,
and in an action upon it parol evidence is inadmissible to show
that it was orally agreed between the parties before the deliv-
ery of the instrument that it should not take effect unless
within one year from its date one of the parties should do
certain acts not set forth in the instrument itself.

3. In a contract for the purchase and sale of land which by its terms
is to "be consummated within two years from its date," but no
time is fixed for the payment of the purchase money and con-
veyance of the property, time is nevertheless of the essence
of the contract and the covenants of the two parties are de-
pendent ones; and the intending purchaser in a suit thereon
in order to recover must prove a tender within the time lim-
ited, unless he shows a discharge by the refusal of the intend-
ing vendee before the expiration of the time limited to accept
performance or tender, or is prevented by the other's neglect
or default.

4. The inability of an intending vendor to convey land he contracts
to sell will enable the intending vendee to maintain an action
on the contract without showing a tender of the purchase
price.

No. 491. Submitted April 10, 1896. Decided February 12, 1897.

HEARING on an appeal by the plaintiff from a judgment
on verdict in an action of covenant. *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. R. Byrd Lewis* for the appellant:

1. A deed cannot be delivered as an escrow or upon con-
dition to the grantee or obligee. *Miller* v. *Fletcher*, 27 Gratt.

403, and cases cited; *Moss* v. *Riddle,* 5 Cr. 351. The case of *Burke* v. *Dulaney,* 153 U. S. 228, cited by the appellee, is inapplicable to the facts of this case.

2. The court erred in admitting parol testimony to contradict, vary, add to or subtract from the terms and provisions of the contract under seal sued on for other reasons than that it was an instrument under seal. The effect of the parol agreement sought to be established was to add to and vary the contract sued on so as to make it an entirely different contract and agreement. The principle governing the admissibility of parol evidence to prove an independent collateral parol agreement, or independent fact, though it may relate to the same subject matter as that of the written contract, asserted and applied in the cases of *Lindley* v. *Lacy,* 17 C. B. (N. S.) 578; *Pym* v. *Campbell,* 25 L. J. Q. B. 277; *Raub* v. *Barbour,* 6 Mack. 245, and other cases cited in note to Taylor on Evidence, Secs. 1134, 1135, contemplates the leaving the written contract and the parol contract both to stand and be enforced by independent suits. See *Basshor* v. *Forbes,* 36 Md. 166.

3. The court erred in charging that an actual tender was necessary under the facts of this case. An offer to perform was all that was necessary, if, indeed, even an offer was necessary. The agreement between the parties made it a condition precedent to payment that the land should be conveyed to the appellant free from any and all incumbrances. Even construing the contract as a mutual one, or mutual and dependent, or mutual and concurrent, no actual manual tender was necessary. The facts of the case show that Newman was ready, willing and able to perform his part of the contract at the day specified, and gave ample notice to Baker and insisted on the latter performing his part. This under the authorities was all that was necessary. *Smith* v. *Lewis,* 26 Conn. 110; *Cook* v. *Doggatt,* 2 Allen, 439; see, also, 98 Mass. 340; 105 Mass. 280.

4. But in the present case, a tender, though unnecessary,

was made within a reasonable time, assuming this to be a contract with mutual and dependent covenants. A tender, under any class of covenants, after the time fixed for the transfer, is all that is necessary for supporting a suit in equity for specific performance. *Brown* v. *Slee*, 13 Otto, 828. There seems to be no reason why the same rule does not apply to actions at law, especially where, as in this case, a valuable consideration was paid for this conveyance.

All the authorities hold that, even in the case of conditions concurrent, actual tender is not necessary, but that a readiness and willingness and offer to perform is sufficient. See 3 Am. & Eng. Encyc. L. 910, and notes.

5. But neither the legal nor undivided equitable title being in the defendant, no actual tender was necessary. The law does not require a party to do a vain thing, and in such a case as this the law does not require a tender to be actually made. Sugden on Vendors (7th Am. Ed.), Sec. 67, p. 311; *Knight* v. *Crockford*, 1 Esp. 190; *Duke of St. Albans* v. *Shore*, 1 H. Black. 270; *Jackson* v. *Jacob*, 3 Bing. (N. C.), 869; *Newcombe* v. *Brackett*, 16 Mass. 161; *Thurston* v. *Franklin College*, 16 Pa. St. 154; *Richards* v. *Allen*, 17 Me. 296; *Turner* v. *Parry*, 27 Ind. 163; *Swan* v. *Drury*, 22 Pick. 485.

6. For the rule of the Supreme Court of the United States as to the measure of damages for the breach of contracts of sale of real estate, see *Hopkins* v. *Lee*, 6 Wheat. 109; see also, 1 Sedgwick on Damages, 371.

*Mr. George E. Hamilton* and *Mr. M. J. Colbert* for the appellee:

1. It is contended that the writing under seal sued on is in effect a deed, to the validity of which delivery by Baker to Newman was essential, and that the defence set up was an effort to show a delivery of a deed by the grantor to the grantee in escrow, a thing which the law prohibits. Our answer to this contention, in the first place, is, that within the meaning of this purely technical rule of the common

law, the instrument here sued on is not a deed at all. A deed, it is true, is a writing signed, sealed, and delivered, but it is an instrument, within the meaning of this rule, where delivery is essential to the creation of the obligation, and where by delivery the liability becomes fixed and absolute. A deed or bond, in this sense, is an instrument signed, as was the bond in the two cases referred to, only by the grantor or obligor, not by the grantee or obligee, and the grantor or obligor is the only party who can be sued on the instrument. No case can be found where it is held that a purely executory agreement, even under seal, cannot be avoided by the establishment by parol evidence of facts which show that the condition upon which the instrument was executed never happened, and therefore that no agreement in fact ever was made by the parties. We contend, in the second place, that within the meaning of the rule laid down in *Moss* v. *Riddle*, 5 Cr. 351, no delivery of the covenant sued on ever was made. The agreement sued on was an executory agreement, by which Baker agreed at a future time to execute a deed and by which Newman agreed to pay a certain sum of money. No delivery by Baker to Newman of the instrument was essential to its validity. Baker was no more a grantor or covenantor than was Newman. They were both mutual covenantors.

In the case of *Burke* v. *Delaney*, 153 U. S. 228, it was held that in an action on a promissory note, by the payee against the maker, evidence is admissible to show a parol agreement between the parties that it should not become operative as a note, until the maker could examine the property for which it was given, and determine whether he would purchase it.

In the case of *Ferguson* v. *Rafferty*, 128 Pa. St. 337, it was held that parol evidence was admissible to show that an agreement under seal was executed on the faith of an oral agreement that the contract should not become effectual until the performance of a condition. See also *Blewitt* v.

*Boarman,* 142 N. Y.; *Baird* v. *Baird,* 145 N. Y. 665; *Bowker* v. *Burdekin,* 11 M. & W. 128; *Julliard* v. *Chaffee,* 92 N. Y. 529; *Wilson* v. *Powers,* 131 Mass. 540; *Singer Mfg. Co.* v. *Forsyth,* 6 West. 550; *Peugh* v. *Davis,* 96 U. S. 336.

2. It is contended by the appellant that the evidence relied upon by the defendant was inadmissible, as tending to vary the terms of the written instrument for other reasons than that the instrument was under seal. Not a single case is cited to support his contention in this regard except the case of *Basshor* v. *Forbes,* 36 Md. 166, which is an authority in favor of our position. Indeed, the authorities are unanimously the other way. *Burke* v. *Dulaney,* 153 U. S. 228; *Pawling* v. *United States,* 4 Cranch, 219; *Ware* v. *Allen,* 128 U. S. 590; *Pym* v. *Campbell,* 6 Ellis & Bl. 370.

The rule is thus stated in Addison on Contracts: "If two parties to a contract sign a memorandum of the contract upon the strength of a clear oral agreement that the writing is not to be binding until the happening of a given event, and that event never happens, there is no contract." See also *Basshor* v. *Forbes,* 36 Md. 166; *Raub* v. *Barbour,* 6 Mackey, 245, and cases there cited.

In *Campbell* v. *McClenachan,* 6 Serg. and Rawle, 171, it was held that parol evidence may be given of what passed between the parties at and immediately before the execution of the written instrument, when the verbal promise by one party induced the other to sign. See also *Bank* v. *Aull,* 80 Mo. 201.

3. Upon the question of tender the charge of the court is a perfectly clear and correct statement of the law. The jury were instructed, in effect, that if the plaintiff notified Baker that he was ready to complete the contract and Baker said or did anything that would reasonably justify the inference that he would refuse to make the conveyance, then no actual tender on the part of Newman was necessary. This is all that the cases from Massachusetts and Connecticut cited in appellant's brief decide.

The defendant in this action did not contract to prepare and tender a deed of conveyance, and hence was under no obligation to make such a tender, unless he were seeking to enforce the contract. *Hudson* v. *Swift,* 20 Johns. 26.

Sugden on Vendors states the rule to be thus: " If either a vendor or a vendee wish to compel the other to observe the contract, he immediately makes his part of the agreement precedent, for he cannot proceed against the other without the actual performance of the agreement on his part or a tender and refusal." Sugden on Vendors, 306 (star page 261). *Johnson* v. *Wygant,* 11 Wend. 48; *Gazley* v. *Price,* 16 Johns. 267; *Parker* v. *Parmele,* 20 Johns. 130; *Northrup* v. *Northrup,* 6 Cow. 296; 43 Am. Dec. 643, and cases referred to in note.

With regard to the contention that a tender within a reasonable time after the limit in the contract had expired was sufficient, we refer the court to the specific provision in the contract to the effect that " the terms of this contract shall be consummated and completed within two years from the date hereof." In an action of law, the court is not at liberty, by construction, to override the plain terms of the contract. In the case in 149 Mass. 171, the court expressly places its decision upon the ground, that under the terms of the contract, time was not of the essence of the contract, and was not so intended by the parties, and the case in 13 Otto is the familiar example of the power of courts of equity in suits for specific performance to extend the time for the performance of contracts. But in courts of law, where the parties have contracted that a thing shall be done within a certain time, which is specified, it must be done within that time. This is the rule laid down by all the authorities. 3 Addison on Contracts, Appendix, page 9, and numerous cases there cited.

Mr. JUSTICE McCOMAS of the Supreme Court of the District of Columbia, who sat with the court in the hearing of this cause in the place of Mr. Justice MORRIS, delivered the opinion of the Court:

The appellant, Edwin A. Newman, plaintiff below, in his declaration averred that in a writing under seal, dated May 4, 1879, the appellee, Cyrus A. Baker, defendant below, covenanted to convey land in Langdon Park and in the Clark Mills tract in this District, to the appellant, who agreed to pay therefor ten dollars cash, which was paid, and four cents a square foot, one-third of this price to be paid in cash and the balance in the stock of the Newman Anti-Freezing Water Pipe Company at six dollars a share; the terms and stipulations of the contract to be consummated and completed within two years from the date of this contract under seal; that the appellant was ready and willing to pay and deliver, and tendered the purchase money and the stock, which was the consideration for the purchase; that the appellee refused to convey the lands; wherefore the appellant claimed damages.

The appellee pleaded not guilty, and subsequently during the trial, under leave of the court, filed an additional plea, setting up as a defence that at the time of the execution of the sealed instrument declared on it was agreed between the parties that the appellant at his cost, within one year from its date, should erect a railroad station house at Langdon, and should build a factory for the manufacture of water-pipes, and that until the appellant should erect a depot and factory the sealed instrument should not take effect or be binding upon the appellee, and that the appellant did not erect either building. Issue was joined on the first plea, and after a demurrer thereto had been overruled issue was joined on the second plea. Evidence showing that the contract was executed with the condition above stated, and that the condition had never been performed, was offered at the trial, was admitted and excepted to; and the verdict was for the appellee.

10 Ct. App.—14

There were very many exceptions to the rulings of the trial justice. The twenty-one assignments of error may be disposed of by considering three questions raised by this appeal.

The overruling of the demurrer to the second plea, the exceptions to the admission of parol proof in support of this plea, and the granting of the appellee's first instruction, present the first question.

Did the court err in admitting the plea, and parol proof that at the time of the execution and delivery of this writing under seal sued on, it was agreed and understood by both parties that this instrument should not take effect or be binding upon the appellee unless within one year from its date the appellant should erect the buildings mentioned?

The rulings of the learned court affirm that in such an action, such a writing which is in form a complete contract under seal, and which has been delivered, may be proved to have been delivered upon a parol condition that it was not to become a binding contract upon one of the parties until the happening of some event or performance in the future, which event or performance never occurred.

In actions at law, such testimony has been admitted to show that a written contract sued on never went into effect; that the condition upon which it was to become operative never occurred, and it was held that the parol evidence did not contradict or vary the written instrument, but that such cases belonged to a class well recognized in the law by which an instrument, whether delivered to a third person as an escrow, or to the obligee in it, is made to depend as to its going into operation upon events to occur thereafter. *Ware* v. *Allen*, 128 U. S. 590; *Pym* v. *Campbell*, 6 Ell. & Bl. 370–373; *Wallis* v. *Littell*, 11 C. B., N. S., 369, 375. The distinction, in point of law, it is said, "is that evidence to vary the terms of an agreement in writing is not admissible, but evidence to show that there is not an agreement at all is admissible." *Ware* v. *Allen, supra.* And again it is repeated thus: "Parol evidence is admissible to show that

a written paper which in form is a complete contract of which there had been a manual tradition, was nevertheless not to become a binding contract until the performance of some condition precedent resting in parol." *Burke* v. *Du-. laney,* 153 U. S. 236, 237. This principle was applied by the Supreme Court in the cases cited to completed contracts in writing not under seal.

It is true that in *Pawling et al.* v. *United States,* 4 Cranch, 219, 223, the action was on a bond claimed to have been delivered as an escrow to the principal obligee by Pawling and three other sureties to be delivered on condition that two others named on the face of the bond should execute it as co-sureties. This bond was incomplete on its face, and it was held that parol evidence was admissible to show whether it was an escrow or a writing obligatory.

. In *Pym* v. *Campbell,* the leading English case, and in *Wallis* v. *Littell,* which were approved by the Supreme Court, the written agreements sued on were not under seal.

It appears that in *Wilson* v. *Powers,* 131 Mass. 539, 540 ; *Reynolds* v. *Robinson,* 110 N. Y. 654, and indeed in all the cases cited by the Supreme Court, this doctrine was applied to promissory notes or other simple contracts in writing. In *Burke* v. *Dulaney,* Mr. Justice Harlan observes that " in *Benton* v. *Martin,* 52 N. Y. 570, the principle is thus stated : Instruments not under seal may be delivered to the one to whom upon their face they are made payable or who by their terms is entitled to some interest or benefit under them upon conditions the observance of which is essential to their validity."

In *Westman* v. *Krumweide,* 30 Minn. 315, Gilfillan, C. J., concludes that " the authorities are pretty uniform (though there are some to the contrary) to the effect that an instrument under seal cannot be delivered in escrow to the party in whose favor it runs, and that upon a voluntary delivery to such party by the one executing it, it takes effect abso-

lutely, and parol evidence is inadmissible to show that it was intended to take effect only on the happening of some contingent event, when it is not so expressed by its terms. But the great majority of the cases make a distinction between instruments under seal and those not under seal, holding as to the latter that parol evidence is admissible to show that notwithstanding the delivery it was intended by the parties that such an instrument should become operative as a contract only upon the happening of a future contingent event."

Likewise Mr. Bishop says in his later work on Contracts : "It is held that the delivery of a deed to the grantee in person gives it immediate force even though accompanied by an oral stipulation that it shall not take effect until a specified contingency has transpired. Such stipulation or condition is simply void. But it is otherwise of a simple contract not under seal. A parol condition that its operation shall commence only on the transpiring of a future event will be good. If at first impression this distinction seems technical, a minute examination will show it to be otherwise. In the case of a specialty there could be no incorporation into it of a parol condition postponing its effect without destroying its character as a sealed instrument, as the new part is not a specialty, and what remains of the old part has ceased to be the complete agreement to which the seal was attached, and has become merged in the unsealed provisions; the whole is now to be treated as one parol contract. But oral and written parol contracts, being equally parol ones, the degree of this instrument is not reduced by the oral condition." Bishop on Contracts, Secs. 355 and 133.

In the leading case which favors the proof of such condition by parol, *Pym* v. *Campbell*, 6 Ell. & Bl. 374, Crompton, J., recognized this distinction. Said he: "When the instrument is under seal it cannot be a deed until there is a delivery, and when there is a delivery that estops the par-

ties to the deed; that is a technical reason why a deed cannot be delivered as an escrow to the other party. But parol contracts, whether by word of mouth or in writing, do not estop. There is no distinction between them except that, where there is a writing, it is the record of the contract."

The reason for the rule excluding parol evidence of a conditional delivery to the grantee applies to all cases *where the delivery is designed to give effect to the deed in any event without the further act of the grantor.* "When the words are contrary to the act, which is the delivery, the words are of none effect (Co. Litt. 36a), because then a bare averment without any writing would make void every deed." Cro. Eliz. 884. "If I seal my deed and deliver it to the party himself to whom it is made as an escrow upon certain conditions, in this case *let the form of the words be what it will* the delivery is absolute and the deed shall take effect as his deed presently." Sheph. Touchstone, 59; Cro. Eliz. 520; *Braman* v. *Bingham,* 26 N. Y. 492.

The word deed was not used in these cases in its restricted sense, of a written instrument conveying lands or some interest therein, but in the sense that it was the equivalent of specialty or writing requiring sealing and delivery by the party, and hence his act or deed.

Therefore, the rule is that a deed or any other sealed instrument cannot be delivered to the grantee or obligee himself as an escrow to take effect upon a condition not appearing on the face of the deed or other sealed instrument. The delivery must be to a stranger; otherwise the deed or other sealed instrument becomes absolute at law. *McCann* v. *Atherton et al.,* 106 Ill. 35; *Worrall* v. *Munn,* 1 Seldon, 238; *Foley* v. *Cowgill,* 5 Blackf. 20; *Jordan et al.* v. *Pollock, Admr.,* 14 Ga. 155.

In *Miller* v. *Fletcher,* 27 Gratt. 403, 416, which was an action on a bond for the payment of money, the defendants pleaded that it was executed by them in satisfaction of a debt due the plaintiff by the firm of Brown, Miller & Co.,

and delivered to the plaintiff as an *escrow* upon condition
that it was to be likewise executed by the other members of
the firm, but that in fact it had been executed only by one
of them, and so the condition upon which the writing was
to take effect had not been performed. After reviewing the
case at great length, Staples, J., concluded that the parol
evidence was inadmissible. "The result would be in effect
that this most solemn deed of the parties is of no more
value than the most informal parol promise to pay." This
case "exemplifies the observation in the case of *Williams* v.
*Green*, Cro. Eliz. 884, that if such testimony is allowed, a
bare averment without any writing would make void every
deed. . . . For these reasons I am for adhering to the
rule of the common law. . . . There are cases in which
it has been held that you may show the agreement was
signed by mistake, or that it was signed on the terms that
it should not be an agreement till money was paid or some-
thing else was done. *Pym* v. *Campbell* is one of these. But
these cases, whether rightly decided or not, have no appli-
cation to deeds as to which delivery is the essence and con-
stitutes the estoppel."

In *Moss* v. *Riddle*, 5 Cranch, 351, 357, on a writ of error
to the Circuit Court for the District of Columbia, in an ac-
tion of debt upon the joint bond of Welsh and Moss for the
payment of money, the defendant Moss in his first plea
averred that he delivered *it to Joseph Riddle, one of the
plaintiffs as an escrow*, to be his act and deed on condition
that the same should afterwards be signed, sealed, and de-
livered by some other friend of Welsh, the principal obli-
gee, which was not done, and so the writing was void as to
Moss. The plea was held bad on demurrer. Marshall, C.
J., said: "It is admitted by the counsel in this case that a
bond cannot be delivered to the obligee *as an escrow*. But
it is contended that where there are several obligees consti-
tuting a co-partnership, it may be delivered as an escrow to
one of the firm. The court is of opinion that a delivery to

one is a delivery to all." The judgment was affirmed. Thus early the Supreme Court appears to have determined that a bond cannot be delivered to one of the obligees *as an escrow.* In other words, the delivery of the bond must be to a stranger, else the bond becomes absolute at law, for delivery is the essence and constitutes the estoppel.

It is argued in the present case that the agreement sued on was executory; that the appellee agreed to execute the deed, and that the appellant agreed to pay the purchase money, and that therefore a delivery was not essential to its validity. But there was a delivery. The pleading and the evidence admit it. The appellee relinquished his power over the writing by passing, or suffering it to pass, directly to the appellant in person, who assented thereto. We hold that, in this action at law, such a delivery and acceptance of such a complete instrument under seal gave it immediate effect, even if the delivery were preceded by or accompanied with the oral stipulations and conditions admitted in evidence at the trial tending to show that it was agreed and understood by both parties that this instrument should not take effect unless within one year from its date the appellant should erect a station house and a factory.

We conclude that the learned justice erred in overruling the demurrer to the second plea, in admitting such parol evidence, and in granting the first instruction asked for by the appellee, which instruction asserts that such parol condition, if believed, and subsequent failure to perform it, entitled the defendant to a verdict. Therefore the judgment in this case must be reversed.

*Ferguson* v. *Rafferty*, 128 Pa. St. 337, 356, which is relied upon by the appellee's counsel, departs from the rule of the common law. It is one of a class of cases in which the Supreme Court of Pennsylvania holds that parol evidence is admissible to establish |a contemporaneous oral agreement which induced the execution of a written contract, *though it may change, vary or reform the instrument.*

*Baird* v. *Baird,* 145 N. Y. 665, is a case wherein the majority of the court concurred in the ruling, but not in the opinion delivered. In *Blewitt* v. *Boorman,* 142 N. Y. 363, 364, the court held that the rule to which we adhere is not applicable to an instrument not in any way affecting real estate, either deeds conveying real estate or an interest therein, or agreements for the sale thereof, and which does not require a seal for its validity, Peckham, J., saying: "I think myself the rule should not extend beyond what seems to be the settled law in this State in regard to deeds or writings conveying or relating to the conveyance of real estate or some interest therein." This qualification of the rule, which is required by the Statute of Frauds, would seem to include the writing sued on in the present case.

By certain assignments of error, it is argued that the court erred in admitting such parol testimony to contradict or vary the written contract under seal. Having already said such testimony was not admissible to show that this writing under seal was not an agreement at all, by reason of the alleged parol condition accompanying or preceding its delivery, it is scarcely necessary to say that this testimony which would nullify the instrument was inadmissible to contradict or vary the terms of the same instrument. This parol evidence, which we have discussed, sets up a collateral parol agreement, which interferes with the terms of the written contract under seal and renders it a nullity. This remark disposes of the assignments of error involving this point.

Certain assignments of error involve the question whether by the terms of this contract tender of the purchase price by the appellant within two years from the date of the contract was necessary to enable the appellant to maintain this action. By this instrument the appellee "agreed to sell and convey by a good and sufficient deed" real estate of which he "is the owner," and lands which "he has contracted to purchase from one Nesbitt;" and the appellant "agreed to

purchase" the same "for the sum of four cents per square foot, one-third to be paid in cash or its equivalent when conveyance of said real estate is made to him as above stated, and the balance to be paid in stock, said conveyance of stock to be likewise made when property is so conveyed." It is provided that this real estate shall not be conveyed "until" the appellee shall make settlement with and procure the release from one Allen of all "his claims" on this real estate, and in this connection it is stipulated "that the appellant shall not be bounden to make any payments on said sale until the said parcels of real estate shall be conveyed to him free from any and all encumbrances whatsoever." This instrument concludes with the proviso "that the terms and stipulations of this contract shall be consummated and completed within two years from the date hereof."

No time was fixed for the payment of the purchase money or delivery of a conveyance of the land. The record discloses some evidence to show that within eighteen months the appellee could reasonably expect to be released from "the claims" of Allen, and that within a less time he had reason to expect a conveyance from Nesbitt of one part of one parcel. It was not practicable for the parties to this contract to state therein a day for mutual performance, but it was practicable to limit the time within which each party should perform; and this contract limited and fixed the time within which it was to be completed at two years from its date. The great rule of construction is to ascertain the intention of the parties as signified in the language of the contract. The parties have clearly expressed their intent that time should be an essential part of this contract. It dealt with speculative ventures in real estate and inventions. Time should be limited in fairness to both parties. It was limited in terms by this proviso. The time limited or fixed for performance is at law deemed of the essence of the contract.

On a contract where time does not constitute its essence

there can be no recovery at law on the agreement where the performance was not within the time limited by the terms of the agreement. To sustain an action at law performance must be averred according to the very terms of the contract. *Bank of Columbia* v. *Hagner*, 1 Pet. 465, 467.

Whether the covenants of the respective parties to this contract are to be considered independent or dependent, was much discussed at the bar. The inclination of courts has strongly favored the latter construction as being obviously most just. We must hold the covenants dependent, in this contract sued on. "The seller ought not to be compelled to part with his property without receiving the consideration, nor the purchaser to part with his money without an equivalent in return." Hence, in such cases, if either a vendor or a vendee wish to compel the other to fulfil his contract, he must make his part of the agreement precedent, and cannot proceed against the other without an actual performance of the agreement on his part or a tender and refusal. And an averment to that effect is always made in the declaration upon contracts containing dependent undertakings, and that averment must be supported by proof. *Bank of Columbia* v. *Hagner*, 1 Peters, 465; *Gazley* v. *Price*, 16 Johnson, 267; *Northrop* v. *Northrop*, 6 Cowen, 296; 1 Sugden on Vendors, 305-6 (7th Amer. Ed.); *Johnson* v. *Weygant*, 11 Wend. 48; *Shinn* v. *Roberts*, 1 Spencer (N. J.), 435, in 43 Amer. Dec. 640.

The record contains some evidence that before the two years expired, the appellant was ready and willing to carry out the contract on his part; that the appellant took measures to have the appellee meet him at the office of Mr. White, the appellant's attorney on the 4th day of May, 1891, to afford the appellant the opportunity of making a tender of the purchase price; but such tender was not made, as the appellant testified, until a week or ten days after, or, as the appellee testified, about sixty days after the two years had expired. The undisputed fact is, that the

tender was not made within the two years from the date of the written contract, as required by the contract. The appellant in this case averred a tender in his declaration and introduced proof of it. Says Butler, J., in Douglass, 695, "if a party plead a tender he must prove it."

In the present case the appellant's failure to prove a tender within the two years to which he was limited by his contract prevents him from maintaining the action unless he was discharged by the refusal of the appellee to accept performance or tender, or unless the appellee prevented performance or tender by his own neglect or default. There is in this record some evidence that the appellee expected to meet the appellant on the 4th day of May, A. D. 1891; some evidence indicating a purpose on the part of the appellee to refuse to accept a tender; some evidence tending to show the appellee had put it out of his own power to perform within the two years. The evidence is, however, upon these points wanting in legal sufficiency. The appellant could have averred that he was ready and willing and offered to perform his part, but was discharged by the appellee, and could then have maintained his action without proving a tender; but there was no proof legally sufficient to go to the jury that before the time expired the appellee had declared he would not receive the purchase price or that he intended to abandon the contract so as to have dispensed with the necessity of a tender. The defendant's conduct subsequent to that time is not in this action material, for that rule can never apply except in cases where the act which is construed into a waiver occurs previous to the time fixed for performance. *Bank of Columbia* v. *Hagner,* 1 Pet. 468.

It was urged that the legal title to the land sold was not in the appellee. It is denied that the equitable title to the land was in the appellee, and insisted that he had put it out of his power to perform, and that therefore a tender within two years was unnecessary.

The pleadings do not make such a case. The evidence in the record is too meagre to predicate anything of it on this point. The appellee speaks of a sale at some time of a half interest in some of the land to his brother, but at what time does not clearly appear. There is some evidence of a preparation on that brother's part to build a house, or a beginning to build, a few weeks before the expiration of the two years.

The appellee testified that on the 4th of May, 1891, he could have conveyed to the appellant a good title to the property. If the appellee had the ability to convey a good title, it may have been sufficient, under the circumstances of this case, wherein the agreement of sale shows that the vendee had knowledge that the vendor did not have the legal title to two of the parcels at the date the writing was executed. The inability of the appellee to convey might of course enable the appellant to maintain the action without tendering the purchase money. The record does not, a new trial may, disclose sufficient testimony upon this point. At present it profits little to further discuss this third and last question raised upon this appeal.

*Judgment reversed, with costs to appellant in this court, and cause remanded for new trial.*