[No. 7988. Department One. October 11, 1909.]

P. J. FRANSIOLI, *Appellant,* v. R. M. THOMPSON *et al.,*
*Respondents.*[1]

PRINCIPAL AND SURETY—BONDS FOR THE PERFORMANCE OF PUBLIC
WORK—RELEASE OF SURETY—CHANGE IN CONTRACT. Where a contract
for improving a city street provided for comparatively cheap cedar
cribbing, a radical change by the substitution by the city authorities
of an expensive concrete retaining wall, after the principal contrac-
tors had sublet the work, will relieve the principal contractors and
their sureties from liability on their bond to parties furnishing
cement to the subcontractors for the construction of the work.

MUNICIPAL CORPORATIONS—IMPROVEMENTS—LIABILITY FOR MATERIAL
—FAILURE TO REQUIRE BOND—CHANGE OF PLANS. Under Bal. Code,
§§ 5925-5927, making a city liable for the cost of material furnished
to a contractor on city work, if the city fails to require the contractor
to enter into a bond to secure the same, the city is liable for ma-
terials furnished for additional work, where, after letting a contract
and taking the bond, the city ordered such radical changes in the
work as to release the sureties on the bond taken, and failed to re-
quire a new bond to cover the additional liability created by the
change in plans.

SAME—DEFENSE—ESTOPPEL—ACCEPTANCE OF WORK. In such a
case, the city is estopped to assert that the change was not author-
ized, where it accepted and paid for the work.

SAME—DEFENSES—SPECIAL FUND. The liability of a city for fail-
ure to take a bond to protect materialmen on public work is not
affected by the fact that the work was to be paid for by special asses-
ments on the property benefited.

ACTIONS—MISJOINDER OF CAUSES—PARTIES. The joinder of im-
proper parties, on a theory of their liability that would exonerate
other parties liable, does not constitute a misjoinder of causes of
action; the plaintiff being entitled to join all persons connected with
the matter whom he conceived to be liable.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered December 9, 1908, upon sustain-
ing demurrers to the complaint, dismissing an action on con-
tract. Affirmed in part and reversed in part.

[1]Reported in 104 Pac. 278.

*Loveday, Kelley & McMillan,* for appellant.   The action
is equitable in nature, for foreclosure of a lien rather than
an action upon the bond, and the complaint is to be meas-
ured accordingly.   *Gilmore v. Westerman,* 13 Wash. 390,
43 Pac. 345; *Ihrig v. Scott,* 5 Wash. 584, 32 Pac. 466;
*Griffith v. Rundle,* 23 Wash. 453, 63 Pac. 199, 55 L. R. A.
381.   The bond performs a double function and the sureties
are not released by changes in the plan of the work.   *Griffith
v. Rundle, supra; United States, Use of Phoenix Iron Co. v.
California Bridge & Construction Co.,* 152 Fed. 559; *United
States, Use of Anniston Pipe & Foundry Co. v. National
Surety Co.,* 92 Fed. 549; *United States, Use of Fidelity
Nat. Bank v. Rundle,* 100 Fed. 400; *Henningsen v. United
States Fidelity & Guaranty Co.,* 143 Fed. 810; *United States,
Use of Standard Furniture Co. v. Aetna Indemnity Co.,* 40
Wash. 87, 82 Pac. 171.   The contract is to be interpreted
liberally in favor of the liability.   *United States Fidelity &
Guaranty Co. v. United States,* 191 U. S. 416, 24 Sup. Ct.
142, 48 L. Ed. 242; *United States v. American Surety Co.,*
200 U. S. 197, 26 Sup. Ct. 168, 50 L. Ed. 437; *City Trust
Safe Deposit & Surety Co. v. United States, Use of Bryant,*
147 Fed. 155.   The city can do no act to impair the obliga-
tion of the bond taken.   *Conn v. State ex rel. Stutsman,* 125
Ind. 514, 25 N. E. 443; *Dewey v. State ex rel. McCollum,*
91 Ind. 173; *Doll v. Crume,* 41 Neb. 655, 59 N. W. 806;
*Kauffmann v. Cooper,* 46 Neb. 644, 65 N. W. 796; *Steffes v.
Lemke,* 40 Minn. 27, 41 N. W. 302; *Bell v. Kirkland,* 102
Minn. 213, 113 N. W. 271, 120 Am. St. 621, 13 L. R. A.
(N. S.) 793.

*Chas. W. Stewart,* for respondents Thompson & Langford,
contended, among other things, that the principal con-
tractors do not stand in the position of a compensated surety,
and are discharged by material changes in the obligation.
*Peters v. Mackay,* 20 Wash. 172, 54 Pac. 1122; *United
States v. Freel,* 99 Fed. 237; *United States, Use of Schu-
macker v. McIntyre,* 111 Fed. 590; *Miller-Jones Furniture*

*Co. v. Ft. Smith Ice & Cold Storage Co.*, 66 Ark. 287, 50 S. W. 508; *O'Neal v. Kelley*, 65 Ark. 550, 47 S. W. 409; *Erfurth v. Stevenson*, 71 Ark. 199, 72 S. W. 49; *Bragg v. Shain*, 49 Cal. 131; *Brennan v. Clark*, 29 Neb. 385, 45 N. W. 472; *Gray v. School District*, 35 Neb. 438, 53 N. W. 377; *Simonson v. Grant*, 36 Minn. 439, 31 N. W. 861; *Evans v. Graden*, 125 Mo. 72, 28 S. W. 439; *Board of Com'rs of Morgan County v. Branham*, 57 Fed. 179; *St. Mary's College v. Meagher*, 11 Ky. Law 112, 11 S. W. 608.

*E. R. York* and *John P. Hartman*, for respondent Empire State Surety Co., cited: *City of Winona v. Jackson*, 92 Minn. 453, 100 N. W. 368; *Beals v. Fidelity & Dep. Co.*, 76 App. Div. 526, 78 N. Y. Supp. 584; *Philadelphia v. Malone*, 214 Pa. St. 90, 63 Atl. 539; *United States v. National Surety Co.*, 92 Fed. 549; *United States Fidelity & Guaranty Co. v. United States*, 191 U. S. 416, 24 Sup. Ct. 142, 48 L. Ed. 242; *Simonson v. Grant*, 36 Minn. 439, 31 N. W. 861; *Friendly v. National Surety Co.*, 46 Wash. 71, 89 Pac. 177, 10 L. R. A. (N. S.) 1160; *Morgan County v. McRea*, 53 Kan. 358, 36 Pac. 717; *Evans v. Graden*, 125 Mo. 72, 28 S. W. 439; *Southern Bridge Co. v. Bogenshot* (Tenn. Ch. App.), 48 S. W. 97; *Miller-Jones Furniture Co. v. Ft. Smith Ice Co.*, 66 Ark. 287, 50 S. W. 508; *Burnes' Estate v. Fidelity & Deposit Co.*, 96 Mo. App. 467, 70 S. W. 518; *Luling Oil & Mfg. Co. v. Gohmert* (Tex. Civ. App.), 110 S. W. 772; *United States v. Freel*, 186 U. S. 309, 22 Sup. Ct. 875, 46 L. Ed. 1177; *O'Neal v. Kelley*, 65 Ark. 550, 47 S. W. 409; *Beers v. Wolf*, 116 Mo. 179, 22 S. W. 620; *House v. American Surety Co.*, 21 Tex. Civ. App. 590, 54 S. W. 303; *Erfurth v. Stevenson*, 71 Ark. 199, 72 S. W. 49.

*T. L. Stiles*, *F. R. Baker*, and *F. A. Latcham*, for respondent City of Tacoma.

FULLERTON, J.—The appellant brought this action to recover the price of certain cement, sold by him to one C. D.

Elmore and used in the construction of a concrete retaining wall erected by Elmore as a part of a street improvement in the city of Tacoma. To his amended complaint demurrers were interposed by the several defendants, which demurrers the trial court sustained. The appellant thereupon elected to stand on his complaint, when judgment of dismissal and for costs was entered against him. The ultimate question for determination, therefore, is, does the amended complaint state a cause of action against the respondents, or either of them.

In substance, it is alleged in the complaint that the city of Tacoma entered into a contract with the respondents Thompson and Langford, whereby Thompson and Langford agreed to grade and otherwise improve a certain street of that city according to plans and specifications agreed upon, for a consideration of $6,975, and that these respondents, together with the respondent The Empire State Surety Company, entered into the statutory bond with the city of Tacoma, conditioned, among other things, to pay for all material that should be used in the construction of the improvement; that subsequent thereto, the respondents Thompson and Langford sublet the grading of a part of the street to one C. D. Elmore; that after the contract had been sublet, the city of Tacoma, by its commissioner of public works, made a change in the original plans and specifications under which the work was to be executed, by substituting a concrete retaining wall for a wall of cedar cribbing provided for in the original specifications, without taking an additional bond to cover the cost of making the change; that thereafter, and between June 26, 1907, and August 5, 1907, the appellant sold and delivered to Elmore six hundred and twenty barrels of cement, of the reasonable value of $1,660.08, to be used in, and which were actually used in, the construction of the substituted concrete wall; that the cement was not paid for, and prior to thirty days after the work performed by the contractor had been accepted by the city, the appellant served a notice in writing

upon the city, notifying it that it had a claim in the sum of $1,660.08 against the contractors for the amount so furnished; that before commencing his action he demanded of the respondents, and each of them, payment for the cement sold the contractor, but payment was refused.

The demurrer of the respondents Thompson and Langford and the respondent The Empire State Surety Company was sustained by the court on the ground that the change made in the plans and specifications for the improvement of the street, by which a concrete retaining wall was substituted for a retaining wall of cedar cribbing, was such a radical variance in the terms and conditions of the contract as to relieve the bondsmen of the obligation to pay for the material used in the substituted wall. The demurrer of the city was sustained on the ground that two causes of action had been improperly united in the complaint.

The ruling of the court on the demurrers of Thompson and Langford and The Empire State Surety Company is thought to be erroneous under the authority of the case of *Griffith v. Rundle*, 23 Wash. 453, 63 Pac. 199, 55 L. R. A. 381. But that case is not authority for the principle that no change in a contract for a public improvement can relieve from liability the persons who have executed the statutory bond conditioned for the payment of materials used in making the improvement. On the contrary, the rule still is that, where a bond is executed to secure the cost of the performance of a particular work, the bondsmen cannot be held for the cost of performing an entirely different work. Slight or immaterial changes in a contract of this kind, of course, do not affect the liability of the bondsmen, but a radical change, such as the substitution of an entirely different thing for the thing contracted for, will work that result. In this case the complaint shows in detail the changes made in the character of the work. It appears therefrom that the change was radical, that it substituted an expensive bulkhead for one that was comparatively cheap, and it is impossible to say at this time

whether there would have been a deficiency at all had the city adhered to the plans and specifications adopted at the time the bond was given. Since neither Thompson and Langford, nor The Empire State Surety Company, were liable to the appellant for the materials furnished by him other than such liability as the bond created, it follows that their demurrers were rightly sustained by the court.

The demurrer of the city we think should have been overruled. By the terms of the statute (Pierce's Code, §§ 6121, 6122, 6123; Bal. Code, §§ 5925, 5926, 5927), the city, on letting a contract for the grading of one of its streets, is obligated to take a bond from the contractor to pay the materialmen who furnish material for use in the making of the improvement, under the penalty of itself becoming liable for the cost of the materials so furnished. In the instant case, in so far as this concrete wall is concerned, the city stands in the position of having failed to require a bond to be furnished, as it suffered such a radical change to be made in the original plans as to relieve the bondsmen of their obligation to pay the costs of construction under those plans, and failed to take a bond to cover the additional liability created by the change of plans. We are aware that the city contends that the commissioner of public works had no authority to allow a change in the plan of construction, and that, as a consequence, his acts in that regard are not binding on the city, and create no additional liability on its part. But an inspection of the specifications, which are set out in the complaint, show that the commissioner had general powers of supervision; that he was the person to whom the letting of the contract was intrusted; the person who had power to accept or reject bids for the work; the person with whom the surety bonds must be filed and approved, and the person who must finally approve the work. Moreover, the work was completed and accepted by the city according to the change in the plans, and clearly it is estopped to contend that the change was not authorized. Nor is the right of the material-

man to hold the city affected by the fact that the cost of the improvement was to be paid by assessments upon the abutting property. The city became liable by its neglect to comply with the terms of a statute intended to protect materialmen; and this liability cannot be affected by the manner in which it proposed to raise funds with which to pay the general cost of the improvement.

The claim that there was a misjoinder of causes of action is also untenable. In this state the proper way to state a cause of action is to set forth in the complaint in plain and concise language the facts giving rise to the action, and when this is done, the complaint is judged by the facts pleaded, and not by any technical rule obtaining under the common law. The fact that other defendants were brought in and sought to be held on a theory that would exonerate the city does not affect the result. The complainant had the right to make parties defendant all persons connected with the contract whom he conceived to be liable, set forth in his complaint the facts which constituted his cause of action, and take the judgment of the court on the liability of the several defendants, even though a ruling holding one liable must of necessity exonerate the others. The plaintiff was not obligated to determine the legal questions involved, at his peril. He had the right to set out the facts and submit the legal questions to the judgment of the court.

The judgment appealed from is affirmed as to all the respondents other than the City of Tacoma; as to the City of Tacoma the judgment is reversed, and the cause remanded with instructions to reinstate the same, and require the respondent city to answer to the merits of the complaint.

RUDKIN, C. J., MORRIS, CHADWICK, and GOSE, JJ., concur.