[No. 8892. Department Two. November 15, 1910.]

P. J. FRANSIOLI, *Respondent*, v. THE CITY OF TACOMA,
*Appellant*.[1]

APPEAL—REVIEW—DECISION—LAW OF CASE. Upon the second ap-
peal, the decision upon a former appeal is the law of the case.

PLEADING—ANSWERS—DENIALS. An answer admitting the re-
ceipt of a notice of demand against a city, as set up in one para-
graph of the complaint, and denying all the allegations of another
paragraph alleging a demand, is not sufficient to put the fact of
notice and demand in issue.

Appeal from a judgment of the superior court for Pierce
county, Shackleford, J., entered March 15, 1910, upon find-
ings in favor of the plaintiff, after a trial on the merits be-
fore the court without a jury, in an action on contract.
Affirmed.

*T. L. Stiles, Frank R. Baker*, and *F. A. Latcham*, for ap-
pellant.

*Walter Loveday, Frank H. Kelley*, and *Raymond J.
McMillan*, for respondent.

DUNBAR, J.—The complaint alleged, in substance, that on
the 30th day of March, 1907, the defendant city of Tacoma
entered into a contract with defendants Thompson & Lang-
ford to construct and complete certain improvements on F
street; that on the same day the defendants Thompson &
Langford and the defendant the Empire State Surety Com-
pany made and entered into a bond and agreement in writing,
to the state of Washington, to secure the payment of all la-
borers, mechanics, and materialmen, etc., under the provi-
sions of the statute; that thereafter, on the 13th day of May,
1907, Thompson & Langford made and entered into an agree-
ment in writing with C. D. Elmore for the execution of a part
of the work to be performed by the said defendants; that sub-

[1]Reported in 111 Pac. 564.

sequent to the making of the contract between Thompson &
Langford and the city of Tacoma, the city, by its commis-
sioner of public works, made a change in the plans and
specifications under which the contract was to be executed,
by the terms of which a concrete retaining wall was to be
substituted for a retaining wall of wooden cribbing, as pro-
vided for in the original specifications for the said improve-
ment; that thereafter the plaintiff sold and delivered to said
C. D. Elmore, subcontractor, a certain amount of cement of
the value set forth in the complaint, to be used in the con-
struction of the substituted concrete retaining wall; that the
subcontractor, Elmore, was insolvent; that the work was to
be performed under the supervision of the commissioner of
public works of the city of Tacoma, and that, after the work
was completed and accepted, demand was made for the value
.of the material, which was refused, and suit was brought.
All the defendants demurred to this complaint, and their de-
murrers were sustained.    Upon appeal to this court, it was
decided that the demurrers of Thompson & Langford and
the Empire State Surety Company were properly sustained,
but that the demurrer of the city was improperly sustained;
and the cause was sent back for trial by the city; where-
upon the city answered, denying the material allegations of
the complaint.    The cause was tried upon its merits, and
resulted in a judgment for plaintiff, respondent here.    From
such judgment, this appeal is taken.

An examination of the record, which is not lengthy, con-
vinces us that the material allegations of the complaint were
proven beyond question; and while it is contended by counsel
for appellant that the allegations of the complaint were not
proven, the contention is, in effect, an argument against the
soundness of the rule announced by this court on the former
appeal, which opinion may be found in 55 Wash. 259, 104
Pac. 278.    To ascertain the scope of that decision, we quote
as follows:

"The demurrer of the city we think should have been over-

ruled. By the terms of the statute (Bal. Code, §§ 5925, 5926, 5927), the city, on letting a contract for the grading of one of its streets, is obligated to take a bond from the contractor to pay the materialmen who furnish material for use in the making of the improvement, under the penalty of itself becoming liable for the cost of the materials so furnished. In the instant case, in so far as this concrete wall is concerned, the city stands in the position of having failed to require a bond to be furnished, as it suffered such a radical change to be made in the original plans as to relieve the bondsmen of their obligation to pay the costs of construction under those plans, and failed to take a bond to cover the additional liability created by the change of plans. We are aware that the city contends that the commissioner of public works had no authority to allow a change in the plan of construction, and that, as a consequence, his acts in that regard are not binding on the city, and create no additional liability on its part. But an inspection of the specifications, which are set out in the complaint, show that the commissioner had general powers of supervision; that he was the person to whom the letting of the contract was intrusted; the person who had power to accept or reject bids for the work; the person with whom the surety bonds must be filed and approved; and the person who must finally approve the work. Moreover, the work was completed and accepted by the city according to the change in the plans, and clearly it is estopped to contend that the change was not authorized."

This last announcement, in reference to the completion of the work, it is said by the appellant, was a mistake; that there was no allegation of that kind in the complaint, and that nothing of the kind was proven. Conceding, which is probably the fact, that this last statement was an inadvertence on the part of the writer of the opinion, it will be seen that this was not the controlling ground of the decision. The whole of appellant's argument under the title of "Law of the Case," is in opposition to this announcement of the court, so far as the responsibility of the city is concerned, and also precludes the contention that a bond was not required in this character of work.

So far as the demand is concerned, even if it could be concluded that a demand was necessary, we are unable to determine that this question was put very clearly in issue. In paragraph 10 of plaintiff's amended complaint, a copy of the notice of demand given to the city is set forth; and in paragraph 11 it is alleged that plaintiff demanded, etc. The answer on this subject is as follows:

"Admits that plaintiff delivered a notice, a copy of which is contained in paragraph 11 of said amended complaint, on or about February 27, 1906, and denies each and every other allegation in said paragraph contained. Denies each and every allegation in paragraph 10 of said complaint."

It will be seen from the pleadings that the notice evidently referred to is a part of paragraph 10 instead of 11, and the announcement that other allegations in that paragraph were denied would naturally be considered as referring to paragraph 10, where the notice admitted was set forth. It was probably not deemed that there was any denial of notice, as no contention of that kind was made below, it evidently being an afterthought.

The judgment is affirmed.

RUDKIN, C. J., MORRIS, CROW, and CHADWICK, JJ., concur.