## STRAIN *v.* HUFF.

PLEADING.—*Covenant.*—*Incumbrance.*—*Lease.*—Where the existence of a lease is pleaded as a defence to an action for the purchase-money of real estate conveyed to the defendant by warranty deed, the basis of the defence is the covenant of warranty, and not the lease, and the lease need not be filed with and made a part of the answer.

SAME.—Where the defence to an action for the purchase-money of real estate was the breach of the covenant against incumbrances because of the existence of a lease, the answer not showing by whom, to whom, or when the lease was executed, or how long it had run, or whether the lessee had taken possession;

*Held,* that the answer was fatally defective.

SAME.—*Damages.*—*Eviction.*—An answer pleaded in bar of an action for the purchase-money of real estate, alleging a breach of the covenant of warranty against incumbrances, but not alleging eviction, entitles the defendant to only nominal damages, and is therefore bad.

From the Clay Circuit Court.

*S. W. Curtis* and *G. A. Knight,* for appellant.

*S. Dalton* and *A. R. Julian,* for appellee.

BUSKIRK, J.—This was an action by the appellee, as assignee of John Jenkins, upon a promissory note and mortgage executed by appellant to said Jenkins. The complaint was in the usual form and sought a personal judgment and foreclosure of the mortgage.

The appellant answered substantially as follows:

That the note and mortgage mentioned in the complaint were executed as part of the purchase price of the land described in the mortgage; that the vendor, John Jenkins, executed to him a warranty deed for such land, a copy of which was filed with, and made a part of, the answer; that at the time of the execution of such deed, there was and still is a lease upon said land, conveying the coal and minerals in, upon, and under said lands; that such land was only valuable for the coal underlying the same; that the appellant purchased the lands, as was well known to the vendor, for the purpose of mining and removing the coal; that the note in suit was given for the last instalment of the purchase-money;

Strain *v.* Huff.

and that the vendor was wholly insolvent. The relief sought was a reduction of the amount of the note and judgment for costs.

A demurrer was sustained to this answer, and the appellant refusing to plead further, final judgment was rendered for the appellee. This ruling is assigned for error and presents the only question arising in the record.

The first objection urged to the answer is, that the defence was founded upon the lease, and that it was bad, because neither the original nor a copy was filed with the answer. We think otherwise. If the appellant had any defence, it was based upon the covenants in the deed, a copy of which was filed with and made a part of the answer. The deed was a short form warranty deed under our statute. But the answer is fatally defective, because there is no sufficient assignment of the breach of the covenant against incumbrances. The answer does not show by whom the lease was executed, to whom it was executed, when it was executed, or how long it had run, or whether the lessee had taken possession. From anything that appears in the pleading, the appellant was in the quiet and undisturbed possession of the land. There being no eviction and special damages alleged, the appellant could only recover nominal damages. The answer being in bar of the entire cause of action, and the appellant only having a right to recover nominal damages, the answer was bad for this reason also.

The court committed no error in sustaining the demurrer.

The judgment is affirmed, with costs and five per cent. damages.