PASCAL STEFFES *vs.* FRANK LEMKE, impleaded, etc.

JOHN SCHWICKERT *vs.* SAME.

January 14, 1889.

**Parties to Actions—Joint and Several Bond.**—In an action upon a joint and several obligation, all or any one or more of the parties liable may be made defendant.

**Mechanics' Lien Bond—Nominal Obligee.**—In an action on a bond executed and filed under Gen. St. 1878, *c.* 90, § 3, it is immaterial what interest the nominal obligee has, or that he has or has not any interest, in the land on which the building is to be constructed, if he be the person who, as owner, has contracted to have the building constructed.

**Same—Acts of Owner and Contractor—Rights of Laborers, etc.**—The rights of the real obligees in such bond, to wit, those furnishing labor or material, against the sureties, cannot be affected by any agreement or act of the principal obligor and nominal obligee.

**Same—Extension of Time for Completion—Sureties.**—An extension of the time for completing the building does not affect the obligation of the sureties.

Defendant Lemke appeals from the judgment in each of the above actions, which were tried together, without a jury, in the municipal court of St. Paul. One Bruecker, having made a contract with Gardner S. Moore to erect a building, made and filed a bond, executed by himself as principal, and by the defendants Lemke and Sauerwein as sureties, conditioned as required by Gen. St. 1878, *c.* 90, § 3. The plaintiffs brought these actions on the bond, against Bruecker and his sureties, to recover for labor performed for Bruecker in erecting the building. The summons was not served upon Bruecker, and the other defendants objected to any proceedings until service should be made upon him. The court overruled the objection. The defendant Lemke, among other defences, alleged that Moore, at the request of Bruecker, and without the consent of the sureties, extended the time for the performance of the building contract. The court sustained plaintiffs' demurrers to this defence. It appeared upon the

face of the complaint that Moore was the owner of only an undivided interest in the land upon which the building was erected. In each case a demurrer to the complaint by defendant Lemke was overruled by the court, and judgment was rendered against the two sureties for the labor performed by the plaintiff.

*Willis, Nelson & Speel*, for appellant.

*B. H. Schriber*, for respondents.

GILFILLAN, C. J. These actions were brought against Bruecker, the contractor, as principal, and the other defendants as sureties, in a bond executed by them to Gardner S. Moore, as owner, conditioned that Bruecker would pay all just claims for work done and to be done, and all material furnished and to be furnished, pursuant to a contract between Moore, as owner, and Bruecker as contractor, for the construction of a certain building, and in the execution of the work therein provided for as they should become due, which bond was made and filed under Gen. St. 1878, c. 90, § 3, in order to prevent a lien attaching to such building for the work so done and material so furnished. The bond is joint and several. The plaintiffs are mechanics who worked for Bruecker in doing the work required by his contract. The plaintiffs had judgment below, and the cases come here on bills of exceptions. There are 20 assignments of error, some too trivial to require specific mention. All that need be particularly referred to may be grouped under a few heads.

*First.* As to who need be made parties defendant. The language of the statute is too explicit to admit of a question: "Persons severally liable upon the same obligation or instrument * * * may all or any of them be included in the same action." Gen. St. 1878, c. 66, § 36. This means nothing else than that the plaintiff may bring his action against all or one or more of the persons so severally liable. This bond, being joint and several, comes within the rule thus expressed.

*Second.* In an action on the bond it is immaterial what interest in the land the nominal obligee in the bond may have. The obligors cannot be permitted to allege want of title to the land in such nominal obligee, for the purpose of defeating those who, on the security of the bond, have furnished material for and done labor in doing the

work referred to in it. It is enough for them that the bond is executed by the contractor (with sureties) to the person who *as owner* has con‑ tracted to have the building constructed. As they seek no lien on the building nor on the land, and could not have it if they did seek it, the condition of the title is immaterial to them. The obligation of the bond is absolute to "pay all just claims for all work done and to be done, and all materials furnished and to be furnished," and is not in any way dependent on the question whether the persons doing the work or furnishing the material would, but for the bond, have had a lien, nor is it in any way limited by the extent or value of such lien. This disposes of several of the assignments of error.

Such a bond being executed and filed, the principal obligor and the nominal obligee cannot, either by agreement or act, affect the right or interest of the parties really interested in and secured by it, to wit, those doing work on, or furnishing material for, the building. Without the consent of those parties, they cannot discharge it, nor impair its obligation. It is true such work must be done and mate‑ rial furnished pursuant to—that is, in fulfilment of—the contract between the owner and contractor. Whether and how far the terms of the original contract existing when the bond was executed may be changed by them, the building to be constructed continuing substan‑ tially the one originally contracted for, without affecting the claims of those doing work and furnishing material, it is unnecessary to de‑ cide. Certainly a mere extension of the time to complete the con‑ tract would have no such effect. The work and material would still be done and furnished in fulfilment of the original contract. If the bond were for the performance of that contract, an agreement be‑ tween the principals, without the consent of the sureties, extending the time for its performance, or changing any of its material terms, might have the effect to discharge the sureties. But this is no such bond. It is not conditioned that the contractor will perform his contract to construct the building, but that he will pay for all labor and material which, to fulfil that contract, he employs or procures.

Judgments affirmed.