Conn *et al. v.* The State, *ex rel.* Stutsman.

---

No. 14,521.

CONN ET AL. *v.* THE STATE, EX REL. STUTSMAN.

PLEADING.—*County Work.—Action on Contractor's Bond.—Copy of Contract with County.—Unnecessary to File with Complaint.*—In an action instituted by a subcontractor against one who had contracted to build a county asylum, and the sureties on his bond, for failure to pay the plaintiff for work and labor done, and material furnished in the course of the erection of said building, it is not necessary to set out in the complaint a copy of the agreement between the contractor and the county commissioners. The suit is founded upon the bond executed by the contractor and his sureties, and not upon said agreement. It is only necessary to set out with the pleadings such instruments of writing as constitute the foundation of the action, or defence.

CONTRACTOR'S BOND.—*County Work.—Changes in Contract with County.—Laborers and Material Men Unaffected Thereby.*—Changes made by a contractor and the board of county commissioners in the course of the erection of a county building, without the consent of the laborers or material men employed thereon, will not deprive the latter of a right of action on the contractor's bond. The bond required of him by statute is required for their benefit and security.

From the Elkhart Circuit Court.

*J. M. Vanfleet,* for appellants.

*J. H. Baker, F. E. Baker, W. L. Stonex* and *E. E. Mummert,* for appellee.

COFFEY, J.—The complaint in this cause alleges, substantially, that on the 19th day of May, 1886, the board of commissioners of Elkhart county ordered the construction of a county asylum for said county, and adopted plans and specifications for the construction thereof; that they caused notice to be given, as required by law, of the letting of a contract for the construction thereof, and requesting bids for the same; that the appellant Lewis M. Smalley, being about to bid for the contract for the construction of said asylum, filed his bond with the county auditor of said county, conditioned as the law required, with the other appellants as his sureties thereon; that with said bond the said Smalley filed a bid for said contract; that, on the 1st day of July, 1886, said contract was duly awarded to said Smalley, and on the same day said board of commissioners entered into a contract in writing with him for the construction of said asylum; that afterwards, in the construction of said asylum, in accordance with the terms of said contract, said Smalley became indebted to the relator for work and labor done and material furnished in the construction of all the stairways and porches required by said plans and specifications, for the agreed sum of nine hundred and twenty-five dollars, of which sum two hundred and fifty dollars remains due and unpaid; that by the terms of said bond the appellants guaranteed that said Smalley should promptly pay all debts incurred by him in the prosecution of said work; that the relator has demanded payment of said sum of the said Smalley. A copy of the bond is filed with and made part of the complaint.

To this complaint the court overruled a demurrer, whereupon the appellants, except Smalley, filed an answer, consisting of four paragraphs.

The first avers that the appellants, except Smalley, were sureties on the bond in suit; that the contract between Smalley and the board of commissioners was changed without their knowledge or consent, in this, that said contract re-

quired said asylum to be covered with a tin roof, and that the same was afterwards so changed as to require the same to be covered with a slate roof, which contract was performed by Smalley at an additional cost of three hundred dollars.

The second paragraph of the answer avers that the contract between the board of commissioners and Smalley was changed, without the knowledge or consent of the appellants, in this: That by the terms of said contract said asylum was to be furnished with a steam heater, and that the same was so changed as to require said asylum to be heated with the "Smede heating apparatus," which was not a mode of heating by steam; that said new contract was carried out at an extra cost of two thousand dollars.

The third paragraph avers that the contract between the board of commissioners and the said Smalley was changed, without the knowledge or consent of the appellants, in this: That the original contract called for water-tanks holding thirty barrels each, and that the same was so changed as to require water-tanks holding fifty barrels each; and said new contract was carried out and performed at an additional cost of one hundred dollars.

The fourth paragraph of the answer avers that the contract between the board of commissioners and Smalley was changed, without the knowledge or consent of the appellants, in this: That the towers on said asylum were cut down in height and slated instead of being tinned; that after said contract was performed said board and the said Smalley made a new contract by which said towers were carried up to the height provided for by the original contract, and finished in the manner therein provided; that these contracts were performed by the said Smalley at an additional expense of two hundred dollars.

The court overruled a demurrer to each of these answers, and the appellee excepted. Thereupon the appellee filed a reply in four paragraphs. The court overruled a demurrer to the second, third and fourth paragraphs of said reply.

The assignment of error on behalf of the appellants calls in question the correctness of the rulings of the court in overruling the demurrer to the complaint, and in overruling the demurrer to the second, third, and fourth paragraphs of the reply.

The appellee assigns cross-error, calling in question the correctness of the ruling of the circuit court in overruling a demurrer to each paragraph of the answer.

The objection urged to the complaint is, that it does not set out a copy of the contract between Smalley and the Board of Commissioners of Elkhart county. This objection is not tenable. The suit is founded upon the bond executed by the appellants, and not upon the contract between Smalley and the board. The relator, in this case, was not a party to the contract between the board and Smalley, and the same was not executed for his benefit. The indebtedness of Smalley to him does not grow out of the contract between Smalley and the board of commissioners, but on a contract between Smalley and the relator. It is only necessary to set out with the pleadings such instruments of writing as constitute the foundation of the action, or defence. *Galbreath* v. *McNeily*, 40 Ind. 231; *Bales* v. *Weddle*, 14 Ind. 349; *Jagers* v. *Jagers*, 49 Ind. 428; *Strain* v. *Huff*, 45 Ind. 222.

In our opinion the court did not err in overruling the demurrer to the complaint.

The demurrer to the several affirmative answers of the appellants, and the cross-error assigned on the ruling of the circuit court thereon, bring before us the question of the sufficiency of each of these answers.

Section 4246, R. S. 1881, provides that " No bid for the building or repairing of any court-house, jail, poor asylum, bridge, fence, or other county building or work shall be received or entertained by the board of commissioners of any county in the State, unless such bid shall be accompanied by a good and sufficient bond, payable to the State of Indiana,

signed by at least two resident freehold sureties ; which bond shall guaranty the faithful performance and execution of the work so bid for, in case the same is awarded to said bidder, and that the contractor, so receiving said contract, shall promptly pay all debts incurred by him in the prosecution of said work, including labor, materials furnished, and for boarding the laborers thereon."

Section 4247 provides that "Any laborer or material man, or person furnishing board to said contractor, as in the preceding section provided, and having a claim against such contractor therefor, shall have the right of action against such contractor and his bondsmen therefor : *Provided,* Such person shall have first demanded payment of the same from such contractor."

In the case of *Dewey* v. *State, ex rel.,* 91 Ind. 173, this statute received a construction which must be regarded as decisive of the question now under consideration. In that case this court, in construing the statute, said : " The statute required the bond to be executed, and it was executed, to secure the accomplishment of two purposes, namely : 1. The faithful performance and execution of the work by the contractors ; and, 2. The prompt payment by the contractors of all debts incurred by them in the prosecution of the work, 'including labor, materials furnished, and for boarding the laborers thereon.' With the accomplishment of the second of the purposes, after the taking of such bond, the board of commissioners had nothing whatever to do. If the contractors failed to promptly pay such debts, incurred by them in the prosecution of the work, the right of action therefor against them and their bondsmen, under the statute, was in the laborer, the material man, or the person furnishing board to such contractors. This right of action can not be defeated, we think, by any act done, or omitted to be done, by the board of commissioners of the county."

Prior to the passage of the statute above referred to, it is fair to presume that laborers and material men had suffered

much injustice and loss by reason of the failure of irrespon-
sible contractors to pay for the labor and material used in
making public improvements.    To remedy this evil the stat-
ute was passed requiring such contractors to give a good and
sufficient bond securing them in the payment for such labor
and material.    The bond is required for their benefit and
security.

To permit the contractor and the board of commissioners,
by any act of theirs, without the consent of such laborers or
material men, to destroy such security would be the grossest
injustice.    To permit them to do so would be to permit them
to set at naught the plain intention of the Legislature as
expressed in this statute.    We fully concur in the conclusion
reached in the case of *Dewey* v. *State, ex rel., supra.*

It follows that the court erred in overruling the demurrer
to the several affirmative answers of the appellants.

Having reached this conclusion it becomes unnecessary to
inquire into the sufficiency of the replies to these several
answers, as a bad reply is good enough for a bad answer.

There is no error in the record for which the judgment of
the circuit court should be reversed.

Judgment affirmed.

MITCHELL, J., took no part in the decision of this cause.
Filed Oct. 29, 1890.