# NORTH DAKOTA COMPANY v. MIX.

### (141 N. W. 68.)

**Appeal — default — order — excuse — penalty — attorney's fees — discretion — abuse of — taxable costs.**

Plaintiff brought action for $1,125. Defendant counterclaimed for $1,600. Judgment entered in favor of defendant for amount of counterclaim upon the failure of plaintiff to appear at time of trial. Application to be relieved from such default judgment was made under § 6884, Rev. Codes 1905, and allowed, but upon condition that plaintiff pay to defendant the sum of $500. *Held*, that

25 N. D.—6.

upon an appeal wherein the correctness of the order relieving plaintiff's default is not questioned, this court will consider only whether the terms imposed are just. If the trial court finds that the plaintiff has excused his default, the terms imposed should not be in the nature of a penalty upon plaintiff. If he has not excused his default, his application should have been denied. The sum of $500 was allowed upon the theory that defendant had been put to the expense of a trip to Cuba, costing him $300, had incurred the sum of $150 expense for attorney's fees, and for $50 taxable costs. *Held*, for reasons stated in the opinion, that the expenses of the trip to Cuba were in no manner chargeable to the default of plaintiff, and that the allowance of the said attorneys' fees and costs is excessive and an abuse of discretion. Under all the circumstances of the case anything allowed over the sum of $100 was an abuse of discretion of the trial court. Judgment reduced to said sum of $100.

Opinion filed April 2, 1913.

Appeal from the District Court for Sheridan County; *Winchester*, J. Modified.

*Page & Englert,* for appellant.

Courts favor the trial of causes upon the merits. Haggerty v. Walker, 21 Neb. 596, 33 N. W. 244; Citizens' Nat. Bank v. Branden, 19 N. D. 489, 126 N. W. 102.

In an application to open a default judgment and interpose a meritorious defense, courts should not penalize the applicant, as a condition. Rev. Codes 1905, § 6884; Olson v. Sargent County, 15 N. D. 146, 107 N. W. 43.

The court abuses its discretion in imposing upon plaintiff such penalty, in the form or nature of terms. Colean Mfg. Co. v. Feckler, 16 N. D. 227, 112 N. W. 993; Cline v. Duffy, 20 N. D. 525, 129 N. W. 75.

In applications to set aside default judgments, and permit defendants to answer and defend, courts undoubtedly have the right to impose just terms. Hopkins v. Meyer, 76 App. Div. 365, 78 N. Y. Supp. 459; Colean Mfg. Co. v. Feckler, supra.

*Geo. Thom, Jr.,* of Denhoff, North Dakota, for respondent.

BURKE, J. In June, 1910, this action was instituted by the plaintiff to recover the sum of $1,125. The defendant counterclaimed in the

sum of $1,600. After reply, issue was joined and the case placed for trial upon the March, 1911, term of district court for Sheridan county. Just prior to the said term the defendant made a business trip to the island of Cuba, leaving the case in the hands of his attorney at Denhoff, North Dakota. Shortly after his arrival in Cuba, and before he had time to transact the business which took him there, he received notice from his attorney that the case would be called for trial at said term, and thereupon he returned to North Dakota. After he had left Cuba, the plaintiff's attorneys, who resided in Valley City, North Dakota, requested a continuance of the case because there had been called a special term of court in Valley City which conflicted with the Sheridan county term. Defendant's attorney replied that he would take the matter up with his client upon his return from Cuba, and would notify them accordingly. Upon defendant's return he declined to continue the case, and plaintiff's attorneys were accordingly notified. They immediately wrote to defendant's attorney, asking him to have the case set for a day certain, and to notify them so they might be present with as little loss of time as possible. The defendant's attorney disregarded this request, and when the case was called for trial obtained the judgment in favor of the defendant by default for the full amount of his counterclaim. Upon learning of this judgment, plaintiff made application under § 6884, Rev. Codes 1905, to be relieved from his default, and made a showing to the trial court with the result that the application was granted, but upon the express condition that the plaintiff pay to the defendant the sum of $500 within thirty days from the date of said order. This appeal is from that part of the judgment which requires the payment of said sum. There has been no appeal taken from the portion of the order excusing the plaintiff's default, and we cannot consider the correctness of the same. It appears from the affidavits filed that the trial court allowed defendant the $500 for the following items: $300 for a trip to Cuba and return, $150 for attorneys' fees, and $50 taxable costs. The sole question presented to this court is whether or not said sums are reasonable under the circumstances of this case. Said § 6884 authorizes the court: "In its discretion and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or ex-

cusable neglect." Trial courts have a wide discretion in allowing terms upon this kind of an order, and their judgments should not be disturbed excepting for an abuse of discretion. In the case at bar the affidavits upon which the said order was based are before us, and it is our duty to review the discretion of the trial court. An examination of the affidavits shows that the plaintiff itself was guilty of no negligence whatever. It had intrusted its case to an attorney, and heard nothing further from any source until after judgment had been entered against it by default. Whatever negligence there may have been is chargeable directly to plaintiff's attorneys. This negligence has been excused by the court, by its unchallenged order reopening the default. The purpose of allowing terms in a case of this kind is not to penalize the plaintiff, but to reimburse the defendant for damages occasioned by the delay. The defendant showed by his affidavit that he is a resident of North Dakota, and that, just before the said term of court, in the month of February, 1911, he went to the island of Cuba for the purpose of attending to his interests there. That early in the month of March he received notice from his attorney to return at once to attend to said case. That he did so return for the purpose of attending said trial, and was compelled to leave Cuba before he had been able to attend to his business there, and that for this reason his trip to Cuba was of no benefit to him whatever, for the reason that he was called back to attend to this case before he could attend to his business. He further states that he has agreed to pay his attorney the sum of $150 for attorneys' fees for his services in obtaining judgment in defendant's favor in said action. He does not state that he actually returned to Cuba upon a second trip. It will be noticed that plaintiff was in no manner to blame for defendant's absence from the state when the case was about to be called. Nor was the fact that the plaintiff was not present at the trial in any manner to blame for the said expense. It was the business of the defendant to be present at the March term of court, and had he been there, and the case had been called for trial, he would not have incurred such additional expense. The fact that plaintiff defaulted on the day of trial had nothing to do with the expenses of the trip to Cuba. In other words, had there been no default and the trial had been had upon its merits the defendant would have been obliged to return from Cuba, leaving his business there unfinished just as he did under the existing circum-

stances. We do not believe defendant was entitled to anything upon this count. The question of the $150 attorneys' fees is also subject to criticism. While the defendant is probably entitled to the difference between what he would have had to pay his attorney for one single trial, and what he will have to pay him for two trials, yet in this case there is no showing of any difference due the attorney. All that the affidavit of the defendant shows is "that deponent has agreed to pay his attorney the sum of $150 for attorneys' fees for his services in obtaining judgment in defendant's favor in said action; that, if said action is tried again, deponent must pay another attorneys' fee for trying said action; and that, if the judgment is vacated, deponent will be damaged in the sum of $150 attorneys' fees. . . ." It will be noticed that under the wording of this affidavit it is impossible to say how much difference the defendant will have to pay his attorney on account of this postponement. Under all the circumstances, we think that the trial court allowed an excessive amount, and that everything over the sum of $100 was an abuse of discretion. The trial court will modify its order so as to allow the plaintiff to be relieved from his default upon paying of said sum of $100 to defendant.

Appellant will recover his costs in this case.