## BOTTINEAU COUNTY BANK, a Corporation, Respondent, v. GRANT STAFFORD and Bella Stafford, Appellants.

(194 N. W. 393.)

**Principal and surety — demand note taken by creditor from principal debtor not extension of time such as will discharge surety for same indebtedness.**

1. A demand note taken by the creditor from the principal debtor is not a contract for an extension of time such as will discharge the obligation of a surety for the same indebtedness.

**Principal and surety — mortgage creditor not required to exhaust remedies on mortgage or judgment before proceeding against surety, at peril of exonerating him.**

2. In the absence of a notice, under § 6683, Compiled Laws of 1913, the creditor is not required to proceed originally against the principal debtor, and, where he holds a real estate mortgage securing indebtedness and, where he obtains judgment against the principal debtor, he is not required to exhaust remedies on the mortgage or the judgment before proceeding against the surety at the peril of being held to have exonerated the surety under § 6681, Compiled Laws of 1913.

Opinion filed June 20, 1923.

Principal and Surety, 32 Cyc. p. 92 n. 98; p. 212 n. 34.

Appeal from the District Court of Bottineau County, *Kneeshaw*, J.

Note.—Demand note as extension of time releasing surety, see 21 R. C. L. 1025; 5 R. C. L. Supp. 1181.

Affirmed.

*J. J. Weeks,* for appellants.

*W. H. Adams,* for respondent.

BIRDZELL, J. This is an appeal from a judgment for $1,736.65 upon a promissory note. The case was tried in the district court of Bottineau county before a jury and a verdict returned in favor of the defendant. Subsequently the plaintiff moved for a judgment non obstante which motion was granted. The facts are as follows: The defendants gave to the plaintiffs their note for $1,230, dated November 9, 1918 and due October 1, 1919, which they secured by giving a real estate mortgage. Soon after giving the note the defendants sold the land to one Lagerquist who assumed and agreed to pay the mortgage indebtedness. Lagerquist subsequently, after the maturity of the defendants' note, gave to the plaintiff a demand note of $1,400, dated May 22, 1920, and covering the same indebtedness. Plaintiff subsequently brought action on this note and obtained judgment. This judgment has not been paid, nor the real estate mortgage foreclosed. In defense to this action, brought on the original note, the defendants allege an agreement between the plaintiff and Lagerquist extending the time of payment of the obligation without the knowledge or consent of the defendants, the failure to collect the judgment against Lagerquist and the failure to foreclose the mortgage. Upon this appeal it is argued that, as there is evidence supporting the defenses alleged in the answer, the trial court erred in setting aside the verdict of the jury and ordering judgment for the plaintiff.

The appellants' contentions upon this appeal are grounded upon a violation of the rights of the defendants as sureties. It is claimed that the assumption of the mortgage indebtedness by Lagerquist with the knowledge of the plaintiff resulted in creating the relationship of principal and surety between Lagerquist and the defendants and in imposing upon the plaintiff the obligation to respect the rights of the defendants as sureties. For the purpose of this opinion it may be assumed that the plaintiff was obliged to treat the defendants as sureties. Leach v. Nelson, 48 N. D. 1046, 189 N. W. 251; 3 Pom. Eq. Jur., 4th ed. § 1206; 1 Brandt, Suretyship & Guaranty, 3d ed. §§ 1 and 47. These rights, it is claimed, were violated by the plaintiff in taking a demand

note from Lagerquist, in reducing it to judgment and failing to collect the judgment and in failing to foreclose the real estate mortgage. None of these acts, in our opinion, involve any violation of the rights of the defendants as sureties. No right has been in any way impaired or suspended by anything the plaintiff has done. The taking of the demand note from Lagerquist did not operate to suspend the right of the sureties to pay the debt, for which they were liable primarily, and to pursue recourse by subrogation against Lagerquist. The latter's note, being a demand note, was not a contract for an *extension* of time and consequently afforded no obstruction to an immediate action by the creditor to recover the debt. Shuman v. Citizens State Bank, 27 N. D. 599, L.R.A.1915A, 728, 147 N. W. 388; Mercantile Trust Co. v. Donk (Mo.) 178 S. W. 113; 21 R. C. L. 1025.

The record does not show that any steps were taken by the sureties to require the creditors to proceed against the principal debtor under § 6683 of Comp. Laws, of 1913; nor does it show that, had the defendants performed their obligation by paying their note, they would have been embarrassed in any way through any act of the creditor. So far as this record shows, they could have availed themselves of all the security the creditor held at any time. Brioschi-Minuti Co. v. Elson-Williams Constr. Co. 41 N. D. 628, 172 N. W. 239. Thus, they were not exonerated under § 6681 of the Compiled Laws. In the absence of a notice, under § 6683, the creditor is not bound to proceed originally against the principal debtor nor to foreclose on securities held; but, where the form of obligation is such that the sureties may be sued in a separate action, the creditor may proceed against them in the first instance. 1 Brandt, Suretyship & Guaranty, 3d ed. § 2.

The judgment appealed from is affirmed.

BRONSON, Ch. J., and NUESSLE, CHRISTIANSON, and JOHNSON, JJ., concur.